ch⁻nic's liens. Saginaw Bay ·Co. v. Thompson et., 4 Abs. 158.

**Sec. 8564. CHATTEL MORTGAGES.**

Must be under oath as to the amount and that claim is just and unpaid. Barsky v. Woods, 4 Abs. 140. ·

**Sec. 8870. COUNTY IMPROVEMENTS.**

Bonds shall be issued for purpose of raising money to pay county's proportion of cost after, and not before, the contracting for the improvement. Franklin Co. (Comm.) v. Davis, Dir., 4 Abs. 174.

**Sec. 8871. COUNTY COMMISSIONERS.**

May issue further bonds to pay county's share of compensation and damages when total has been ascertained. Franklin Co. (Comm.) v. Davis, Dir., 4 Abs. 174.

**Sec. 9510. INSURANCE COMPANIES.**

Insurance authorized and powers of companies. State ex. v. Chic. Bond Ins. Co., 4 Abs. 139.

**Sec. 10186-26. RESTRAINT OF TRADE.**

Combinations between producers of dairy products, not deemed a conspiracy in restraint of trade, or an illegal monopoly. Milk Ass'n. v. Early, 4 Abs. 202.

**Sec. 11273. ACTIONS.**

Against railroad may be brought in county through which line runs nearest pl⁻ce where claimant resides. Louis. & Nash. R. R. Co. v. Brookhart, 4 Abs. 186.

**Sec. 11364. JUDGMENTS.**

Will not be reversed where substantial rights of adverse party are not prejudiced, even though defect in pleading or error in proceeding exist. Wojno v. Miller, 4 Abs. 154.

**Sec. 11670. EXECUTION.**

Court cannot set aside judicial sale under this sectio· because party is willing to bid more than was realized at the sale; but court is not deprived of power to protect interest of mortgagees. Klein v. Northwick et. 4 Abs. 187.

# Weekly Abstract of
# PENDING CASES

### No. 331
### OSKAMP et v. OSKAMP
### No. 19622.  Supreme Court

On motion to certify. Dock. Feb. 13, 1926; 4 Abs. 128.

59. ALIENATION OF AFFECTIONS—In a suit by a wife against her husband's family for alienation of his affections, to what extent may the motives of the family for the acts charged by the wife, be shown in the mitigation of damages and defense to the action?

Louise Oskamp, wife of W. Herbert Oskamp, filed suit against the members of her husband's family, for an alleged alienation of her husband's affections.

The Superior Court of Cincinnati rendered judgment on a verdict for $100,000 in favor of Louise Oskamp, which judgment was affirmed by the Hamilton County Appeals upon the plaintiff agreeing to a remittitur of $25,-000.

The following facts are alleged herein by plaintiffs in error:

1. That plaintiff and her husband had not lived in entire accord up to the time he left for Europe, and for some time previously.

2. That defendants' treatment of plaintiff from the time of plaintiff's marriage was most kindly and courteous and continued until plaintiff's attitude toward her sick husband after his departure for Europe effected a natural change.

3. That on the other hand plaintiff's attitude toward defendants, apparently tinged with jealousy, was far less kindly and sincere than defendants' attitude toward her.

4. That Herbert Oskamp's trip to Europe was not instigated or suggested by any of the defendants and was undertaken solely in an attempt to save his life, and that the trip was made with the full knowledge and consent of plaintiff, whose only complaint was· that she did not go also.

5. That before going to Europe, Herbert Oskamp, then desperately ill, voluntarily made preparation for the disposition of his property by making certain changes in his will and returning to his father one hundred shares of preferred stock previously given to him by his father.

6. That a few days after Herbert Oskamp sailed plaintiff without his knowledge or consent surreptiously seized all of his private papers and securities and concealed such seizure from him and that she subsequently as an excuse for such action she falsely charged that her husband's father and brother had stolen her husband's securities previously to the time she "looted" his box.

7. That plaintiff revealed her action to her husband only when it seemed necessary to do so in connection with a complaint with reference to the stoppage of·her allowance, and that her husband being greatly incensed at her action, wrote her severing their relations.

8. That from the time her husband sailed for Europe until the trial of this case, plaintiff, ignoring her husband's desperate physical condition, adopted a continuous course of conduct which continuously antagonized her husband and the members of his family, and was calculated to destroy any possible affection which her husband may have had for her.

9. That the sole cause of the separation of plaintiff and defendant was plaintiff herself, and that the motive which she assigns, to the effect that defendants were moved to separate herself and her husband in order to secure his estate, was false and unfounded in fact.

The interpretation of these facts by Louise Oskamp is that these acts were done with the intent of alienating her husband's affections and that the family were thereby successful in accomplishing their purpose.

The Oskamp family, in the Supreme Court, contend:

1. That the court erred in failing to give the charges by them requested as to the ownership of the thirty shares of common stock of the Oskamp Nolting Company.

2. That error was committed in the charge concerning the rights of the wife to seize her husband's property.

3. That the verdict is so excessive as to appear to have been given under conditions of passion and prejudice.

4. That the court erred on its charge on punitive damages.

5. The questions involved are of both law and fact in regard to instructions to juries not covered by existing decisions in Ohio relating generally to jury trials and is therefore of great general public interest.

Attorneys—Froome Morris, Thomas L. Michie and Charles E. Dornette for plaintiffs; Nichols, Morrill, Stewart & Ginter, for defendant; all of Cincinnati.