### SAMUEL MONTGOMERY V. STATE OF OHIO.

1. BILL OF EXCEPTIONS MUST EMBODY AFFIDAVITS.

Affidavits filed with a motion for a new trial must be embodied in the bill of exceptions in order to have them become part of the record.

2. AN COURT APPELLATE WILL NOT ACT ON AN AFFIDAVIT FOR AND AGAINST A NEW TRIAL.

An appellate court will not be disposed to disturb the ruling of the trial court upon a motion for a new trial, based simply upon an affidavit on one side and affidavit denying upon the other.

HAYNES, J.

In this case, a petition in error was filed in this court to reverse the judgment of the court of common pleas, in the conviction upon the indictment that was returned by the grand jury against Samuel Montgomery for an alleged asault and battery upon one Hannan (Feitz). A motion for a new trial was filed, on the ground that the verdict is not sustained by sufficient evidence, on the ground of newly discovered evidence material to the defendant which he could not with reasonable diligence have discovered and produced at the trial and that the verdict is contrary to law. On this second ground of the motion the affidavit was filed of Mrs. J. A. McCune, stating certain matters which were denied by Mrs. Feitz.

Two affidavits were filed and submitted, but the court overruled the motion on that point, as well as on the others. That is urged upon the part of the counsel, in the argument of this case, as a ground for a new trial which cannot be considered by this court, for the reason that the evidence is not properly before us. A rather common error is, that after a motion of that kind is filed and affidavits have been filed, that the affidavits come up with the papers in the case and as part of the record.

We have had on other occasions in other counties, to pass upon this question. The only way these affidavits can properly be brought before the court is by bill of exceptions, otherwise they become no part of the record. It is sufficient to say that if they had been before us, we have simply an affidavit upon one side and an affidavit denying upon the other, and we are not disposed to hold that the court erred in refusing a new trial upon those.

The judgment of the court below must be affirmed.

*Mr. L. M. Murphy*, for defendant in error.

*Mr. Chas. E. Sumner*, assistant prosecuting attorney for State.