Section 7033-1, Revised Statutes, is not unconstitutional and void, because of the failure to provide therein a maximum penalty. The power of the court in administering the law is limited by Section 9, Article I, of the Constitution of the state. *Frise* v. *State*, 23 Fla., 267; *In re Yell*, 107 Mich., 228.

Where a person is convicted under Section 7033-1, Revised Statutes, and ordered to be committed until the fine imposed and costs taxed are paid or he be otherwise discharged according to law, it is not error on *habeas corpus* to direct the mayor issuing the process to amend the mittimus by providing that the fine and costs may be secured to be paid. *The People, ex rel*, v. *Killy*, 97 N. Y., 212; *In re Charles Harris*, 68 Vt., 243.

Judgment affirmed.

*Charles F. Williams*, for plaintiff in error.

*Bates & Meyer, contra.*

---

### RIGHT OF PURCHASE UNDER LEASE.

[Circuit Court of Butler County.]

FRECHTLING V. JACOBS ET AL.

Decided, February 2, 1907.

*Specific Performance—Will not be Granted, Unless—Right of Purchase under Lease—Construction of Conditions Surrounding the Privilege.*

Under the rule that specific performance can not be granted unless the right thereto rests on clear and certain proof, the privilege of purchase forming the basis of the action in the present case can not be enforced after the expiration of the fifteen year period.

SWING, J.; JELKE, J., concurs; GIFFEN, J., dissents.

This is an action for specific performance and is in this court on appeal. It was heard on demurrer to the petition, although an answer of the defendant was submitted and contained admitted facts which the court might consider in the event that

the demurrer was overruled and leave given the defendant to answer.

Plaintiff's right to a specific performance rests on the following agreement:

"This agreement entered into this June 5th, 1889, between Elizabeth C. Jacobs of the first part and Henry Frechtling and Henry Frechtling, Jr., of the second part shows:

"That said Elizabeth C. Jacobs has leased, with the privilege of purchase as hereinafter stated, to said Henry Frechtling and Henry Frechtling, Jr., the following described real estate belonging to her, situate in the Third ward of the city of Hamilton, Butler county, Ohio.    *    *    *

"Said real estate is leased to said second parties for the period of fifteen years from and after this date. Said Henry Frechtling and Henry Frechtling, Jr., agree to pay in consideration of said rental the taxes on said real estate for the year 1889, and also for each succeeding year during the existence of said lease; they also agree to pay all assessments that may be made for city improvements on the said premises, and if new pavements are required they agree to furnish the material and to make them.

"Said second parties further agree to assume and pay William H. Campbell the principal sum of $3,000 and also interest thereon from this date, same evidenced by note and mortgage held by William H. Campbell on said premises; the interest up to this date to be paid by said first party.

"For the first five years from this date the interest of said $3,000 is to be treated and regarded as part of the rent of said premises, and in addition thereto said second parties agree to pay to said first party as rent $125 per month, and after the expiration of said five years said second parties agree to pay to said Elizabeth C. Jacobs as rent for said premises in addition to the interest of said $3,000, which said second parties agree to release said Elizabeth C. Jacobs from paying or accounting for, the monthly rent of $110 per month during the life of said Elizabeth C. Jacobs unless the property is conveyed by her before that period as hereinafter stipulated. But if after said five years have elapsed said Elizabeth C. Jacobs shall pay to said Henry Frechtling and Henry Frechtling, Jr., said principal sum of $3,000, in that event said second parties agree to pay said first party during her said life an additional sum of fifteen dollars per month. Said second parties further agree and bind themselves to erect before the end of said five years a substantial building of stone or brick as they deem best on said premises. The lease to John N. Hibner on said premises the first party

hereby assigns to said second parties and said second parties are to receive all the rents from said Hibner from this date, and said second parties agree to assume and perform all the covnants in said Hibner lease which the first party is bound to perform, and to stand in the place of said first party, as to the stipulation of said lease from this date until the expiration thereof. The second parties agree to assume and perform all the covenants in own use with said Hibner's permission all the buildings and improvements on said premises, but said Jacobs reserves the right to remove the shelving cases and drawers at the end of the Hibner lease. The second parties agree that during the existence of this lease they will not suffer or permit any saloon business to be carried on in any part of the said premises for the sale of spirituous, malt or vinous liquors.

"It is further agreed that if at any time during her life said Elizabeth C. Jacobs wishes to sell said premises that the valuation thereof shall be fixed by an appraisement to be made by two persons of reputable character, who are agreeable to both parties, one to be selected by said first party and the other to be selected by the said second parties and if they two can not agree they are to select a third party and then all three shall make said valuation of the ground, not including the improvements said second party may have made thereon, and said second party agree to purchase the same at said valuation; and if said purchase is so made, and the purchase money paid said first party agrees to execute and deliver a sufficient deed in fee simple with covenants of general warranty for said premises to said second party and from that period the rent herein stipulated shall cease. If said $3,000 has not been paid back to said second parties the same is to be treated part of said purchase money and this real estate is to remain liable to said second parties as security for the repayment of said $3,000; and it is further stipulated that said first party shall cause to be removed any other mortgages or liens she may have put on the said premises besides said $3,000 mortgage to said William H. Campbell before she makes the deed for the same.

"If said first party shall not sell and convey said premises to said second parties during her life then the first party binds herself, her heirs, executors, administrators and assigns that upon payment of said purchase money, which is to be ascertained by an appraisement made by two persons, one to be selected by the second party and one to be selected by the legal representatives of the first party, and if they can not agree then by the addition of a third party to be selected by said two persons, that her said heirs and legal representatives shall execute and deliver

to said second parties a good and sufficient deed in fee simple for the said premises with covenants of general warranty, and that out of said purchase money shall be deducted said $3,000. The rent after the death of said Elizabeth C. Jacobs shall continue at the same rate as stipulated above after the expiration of the first five years, but to be paid to her heirs and legal representatives. * * *

"If said Elizabeth C. Jacobs shall die without having conveyed said property before the termination of said fifteen years, then and in that event this lease as a lease is to terminate when her youngest child arrives at full age, but all the other stipulations of this agreement shall remain in force."

Mrs. Jacobs did not die until more than seventeen months after the expiration of the fifteen years from the date of the execution of the lease. The youngest child of Mrs. Jacobs was thirteen years at the time of the execution of the lease and would therefore become of age within five years from that time, which would have been the time when said lease would have terminated under certain conditions.

Frechtling went into possession of the premises and complied with the terms of the lease until the fifteen years had expired, at which time Mrs. Jacobs notified Frechtling that the lease had expired and that if he remained in possession the rent would be for a year and at $4,000 per year.

This action was brought after the death of Mrs. Jacobs and is against her heirs asking for specific performance under said agreement. The right to the specific performance must rest on clear and certain proof; if the right is doubtful it can not be the fifteen years, Mrs. Jacobs was entitled to the possession of the premises. She could not compel Frechtling granted. If the plaintiff is entitled to such a relief in this case the right must clearly be shown in the premises of said written agreement.

If Mrs. Jacobs had died before the expiration of the fifteen years for which the lease was to run at any time after her youngest child had become of age, no doubt Frechtling could have compelled specific performance, but did the right for specific performance continue in either party after the expiration of the lease for fifteen years. After the expiration of

the fifteen years, Mrs. Jacobs was entitled to the possession of the premises.   She could not compel Frechtling to retain possession and pay the rent, neither could Frechtling prevent her from taking possession.   They both definitely fixed the life of the lease at fifteen years from June 5, 1889, but the language used in the lease or agreement in regard to the time when Mrs. Jacobs may compel Frechtling to purchase property is "if at any time during her life said Elizabeth C. Jacobs wishes to sell said premises," this must mean at any time during the life of Mrs. Jacobs during the fifteen years the life of the lease.

Mrs. Jacobs in the course of nature might have lived many years after the expiration of the lease and after she had taken possession of the property. It would be unreasonable to suppose that the party contemplated at any time during her life after the expiration of the lease she might compel Frechtling to purchase said premises.   As a part of this clause of the lease it is provided as follows, "and from that period the rent herein stipulated shall cease"—the "period" referred to in the payment by Frechtling of the purchase money for said premises. This shows that the purchase by said Frechtling was to be during the life time of the lease, while rent would be due by Frechtling to Mrs. Jacobs.

The next provision of the agreement where provision is made for the possession of the premises at the option of Frechtling contains this statement, "If said party should not sell and convey said premises to said second parties during her life, then the first party binds herself, her heirs.   *   *   *   The rent after the death of Elizabeth C. Jacobs shall continue at the same rate as stipulated above · after the expiration of the first five years," showing clearly that the only death contemplated was that of Mrs. Jacobs during the life of the lease.   If her death was after the expiration of the lease, the rent could not continue for the lease had terminated.   If this right to purchase by Frechtling was to continue indefinitely after the expiration of the lease, and as long as Mrs. Jacobs should live, certainly some statement to this effect would have been inserted in the lease, for the natural presumption would be that the option to sell and

the option to purchase would be co-extensive with the lease, and when provisions are found in each that the rent is to cease in one event and to continue in the other, it is conclusive that they refer to the time limit of fifteen years and not to the indefinite length of her life. That neither party should enter into a contract which was in the nature of an option as to both which was to exist as to one during her life and as to the other after her death would be unreasonable, and so much so that if such was the real intention of the parties apt words would have been used indicating such intention and it will not be left to be gathered from words which show that the lease was for fifteen years, and which naturally show that the option was to be exercised within that time, or during the life time of the lease. No provision is made for the rental after fifteen years, and the lease having terminated Mrs. Jacobs was entitled to the possession of the premises. It is not to be supposed that for years after Frechtling had surrendered possession of the premises he might be compelled to purchase said premises at Mrs. Jacobs' option, neither would they be expected to bind her heirs to sell to Frechtling at this option long after the expiration of the lease and after her death. It is meant that these options were to exist during the existence of the lease and not beyond it.

Although this contract was drawn by a very able member of this bar, it is not accurately and carefully worded. There is quite a difference in the provisions as to both options where no apparent reason exists for such difference. If Mrs. Jacobs desires to sell said premises during her life, it is provided that the valuation is to be fixed by two persons of reputable character who are agreeable to both parties, and they are to make the valuation of the ground alone and not including improvements placed there by Frechtling; and if Frechtling wishes to purchase the appraisement is to be made by two parties, nothing said about their being reputable or being agreeable to both parties, and no provision is made as to including the value of the improvements, but simply the heirs are to give a good and sufficient deed in fee simple for "said premises." These words are used in the provision wherein Mrs. Jacobs may exercise her option to sell, and refer by "said premises" to the description

of the premises contained previously in the lease, and it must mean the same here. If intended to be definite that word should have been used to indicate such intention. The latter provision being for the conveyance of said premises and there being no provision ·that the valuation should be made of the ground alone as in the other provision, the whole value of the property should be·taken, although I can see no reason why such a difference should have been made. I can see no reason to read into this contract what they have purposely left out, but under my view of the contract this becomes immaterial as Mrs. Jacobs lived beyond the life of the contract which included the life of the option.

The rent chargeable to Henry Frechtling, Jr., since the expiration of the period of fifteen years when the lease terminated until the death of Elizabeth C. Jacobs and the exercise of the option within a reasonable time thereafter, should be the reasonable rental value of the ground, exclusive of the improvements made by Frechtling.

Judgment affirmed.


GIFFEN, J. (dissenting).

The lease was for a term of fifteen years but the option of purchase survived until the death of Elizabeth C. Jacobs, when her heirs and legal representatives were, by the terms of the agreement, bound to execute and deliver to the second party a good and sufficient deed upon payment of the purchase money.

The appraisement provided for, in the event Elizabeth C. Jacobs shall not sell and convey during her life, is of the same premises as the appraisement which is provided for in the event she does sell and convey during her life, to-wit: the ground not including the improvements the second party may have made thereon.

Demurrer to petition overruled, and decree for specific performance.

*Alexander Hume* and *Clarence Murphy*, for plaintiff in error.

*W. J. Davidson*, contra.