### No. 321
### LYNCH v. STATE BANKING & TR. CO.

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4796. Decided Jan. 19, 1924

557. FRAUD—Fraudulent conduct held not proved under facts of this case.

RICHARDS, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action brought for the purpose of restraining the State Banking & Trust Co. from disposing of certain securities at public auction or private sale and to have a certain note as against Lynch declared null and void, and for an order requiring the return of the securities. The evdence dsclosed that one O'Loughlin and one Joyce were desirous of obtaining funds from the Bank but were unable to furnish the satisfactory security. Lynch was called in to furnish the security with the promise that if the same was done the Bank would advance to O'Laughlin and Joyce the amount desired.

Lynch signed a note for $3,000 with O'Loughlin and Joyce and turned over to the defendant certain mortgages as collateral security to protect the Bank. The plaintiff claimed that she had been induced to sign the note and transfer the collateral by the false and fraudulent representations of an official of the Bank. The evidence was in sharp conflict as to the fraudulent conduct. As the trial court dismissed the action, plaintiff appealed. In dismissing the action, the Court of Appeals held:

1. As the claim of the plaintiff was effectually refuted by evidence offered on behalf of the defendant, the plaintiff failed to prove fraudulent conduct.

Attorneys—Mooney, McCormack & Roth, for Lynch; Max P. Goodman, for State Banking & Trust Company, all of Cleveland

### No. 322
### KARACSONY v. STOKICH

Ohio Appeals, 9th Dist, Summit County

No. 854. Decided Dec. 19, 1923

465. ERROR—Motions and affidavits filed in trial court are not of record and will not be considered on review unless placed in bill of exceptions.

633. INFANTS—Statute requiring suit by infant to be brought by next friend applies to proceedings in error.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

Original action in the Common Pleas of Summit County to recover damages for alleged malicious prosecution, wherein Alex Karacsony was plaintiff and Loza Stokich was defendant. After the petition and answer had been filed, but before trial, plaintiff, declaring that he was a minor, under 18 years of age, made application to the court for leave to file an amended petition by his next friend. The journal showed that a motion for that purpose was filed, heard and submitted to the court and that it "dismissed said cause of action without prejudice, Exceptions." Karacsony brought error proceedings to the Court of Appeals and Stokich filed a motion to prosecute the action. Held:

1. As the filing of a petition in error is the bringing of a new action, and as the statute requiring suits of minors to be brought by next friend applies to error proceedings, the motion to dismiss will have to be granted.

There is another reason why relief cannot be granted. No bill of exceptions was taken at the hearing of the motion filed by plaintiff in the court below. Hence this court is confined to the record as it is. Said motion, though in files, is not a part of the record, but its import is contained in the journal entry respecting it. There is in the files an affidavit in support of the motion, but that is not a part of the record and could become so only by being embodied in a bill of exceptions and it is only by a bill of exceptions that this court could know that such affidavit was the only evidence before the court on the hearing of the motion. This court then is without any knowledge as to why the judgment of dismissal was entered by the court, and it is presumed that the court's action was justified. Motion to dismiss petition in error granted.

Attorneys—C. G. Roetzel and James Olds, Akron, for Karacsony; Paul C. Russell, Akron, for Stokich.