SMOLINSKI et v. KABALA

Ohio Appeals, 6th Dist., Lucas Co.

No. 1611. Decided Dec. 14, 1925

791. MOTIONS & ORDERS—Evidence adduced on a hearing of motion cannot be perpetuated as testimony when there is no bill of exceptions filed.

RICHARDS, J.

Bertha Kabala brought suit in the Lucas Common Pleas against Katie Smolinski et al, for the purpose of setting aside a conveyance of certain real estate claimed to have been made by Smolinski in fraud of her rights. Kabala set up a claim to recover damages for personal injuries caused by alleged negligence of Smolinski in operating an automobile; but this claim had not yet been reduced to a judgment.

On May 25, 1925, the court dismissed the cause without prejudice, on motion of Kabala. During the same term of court, Smolinski filed a motion for an order vacating the entry dismissing the cause without prejudice and for Kabala's petition for the reason that the court having taken the case under advisement and rendered a decision therein was without jurisdiction to dismiss same at Kabala's request.

The affidavit in support of the motion stated that a finding and decree was made for Smolinski and that on May 4, 1925 Kabala filed her motion for a new trial and began a new action against Smolinski. The court during the same term overruled Smolinski's motion. Error was prosecuted to the Court of Appeals and Smolinski argued that the case had been finally tried

and that under 11586 GC. neither Kabala nor the court had power to dismiss the case without prejudice. The Court of Appeals held:

1. No bill of exceptions was taken and the first serious question is whether the record is in such condition as will permit a review of the questions sought to be made.

2. The last journal entry finds "that the facts set forth in the affidavit in support of said motions are true;" but does a reviewing court have a right to look to the affidavit to ascertain what those facts are?

3. To hold that the evidence contained in the affidavit should be treated as a part of the record would be to inject a new principle into the jurisprudence of the state, the universal rule being that the evidence can only be perpetuated by a bill of exceptions.

4. Exhibits and affidavits given in evidence on hearing of a motion, which are not legitimately a part of the record can not be considered by a reviewing court on error to a decision of the motion even though they may have regarded as a part of the case, unless they are brought on record by a bill of exceptions. Goldsmith v. State, 30 OS. 208.

5. A motion cannot be made the means for perpetuating testimony so as to dispense with the necessity of a bill of exceptions.

6. There can be no consideration of other questions sought to be made because of the fact that no bill of exceptions was taken.

Judgment affirmed.

Attorneys—Walinski & Flowers and Holbrook & Banker for Smolinski; C. A. Thatcher and C. A. Meck for Kabala; all of Toledo.