## DOWNER v. HART et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1925. Decided Jan. 30, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

148. BILLS OF EXCEPTIONS.
Where affidavits filed in support of motion for new trial are not mentioned in, nor made part of, nor referred to in bill of exceptions, matters contained in such affidavits are not before reviewing court for consideration.

480. EVIDENCE.
Where regard which decedent had for uncle and her solicitude for his welfare are shown by other evidence. Failure to admit letter showing same regard and solicitude, not prejudicial error.

Error to Common Pleas.

Judgment affirmed.

Garrison & Phillips, Toledo, for Downer.

Taber, Chittenden, Daniels & Cochrane, Toledo, for Hart et.

FULL TEXT.

LLOYD, J.
Plaintiff in error, a cousin of decedent, as plaintiff, commenced an action in the Court of Common Pleas against the defendants in error, as defendants, to contest the validity of the will of Lillie I. Donat, and by these proceedings in error she seeks to reverse the judgment of that court entered upon a verdict sustaining the will.

She claims that this judgment should be reversed because of the following errors occurring at the trial:

1. Misconduct on the part of one of the jurors.
2. That the verdict is against the weight of the evidence.
3. The rejection of certain letters offered in evidence, written to the father of plaintiff in error.

It is claimed by affidavits filed in support of plaintiff's motion for a new trial, that one of the jurors was seen talking with two of the beneficiaries named in the will, immediately after the return of the verdict; that after shaking hands with each of them she called one of them by her first name and, speaking to both of them, said: "Now I can talk to you," after which they engaged in "quite an extended conversation." It was stated in argument that this juror, on her voir dire, denied having any acquaintance with any of the defendants, but the examination thus had is not set forth in the record. Neither were the affidavits above mentioned made part of, nor were they referred to in the bill of exceptions. These matters, therefore, are not before this court for consideration. The affidavits standing alone show no dereliction of duty on the part of the juror.

We find that the second alleged error is not well-founded. The verdict is not against the weight of the evidence.

The letters offered in evidence and written by decedent prior to the execution of her will, were addressed to her uncle, the father of the plaintiff, and expressed in very affectionate language her regard for and interest in him. Two of the letters, dated January 6 and June 20, 1924, were written by Miss Donat. The other two, dated December 1 and December 3, 1924, were written at the request of Miss Donat by Mrs. Lewis, a lifetime friend of Miss Donat and named as a legatee in her will.

The regard which the decedent had for her uncle and her solicitude for his welfare was shown by other evidence and as the evidence received at the trial clearly proves that the decedent was mentally capable and that the will expressed her own wishes as to the disposition of her property, it is our opinion that, although these letters should have been received in evidence, their rejection was not prejudicial error.

Finding no errors in the record prejudicial to the plaintiff in error, the judgment is affirmed.

(Richards and Williams, JJ., concur.)