## CHIMA v. GALUSCA.

Ohio Appeals, 9th Dist., Summit Co.

No. 1373. Decided March 9, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**480. EVIDENCE.**
When note sued upon has been assigned, admission of testimony in regard to letters which maker claims to have written to and received from original payee, not admissible.

**225. CHARGE OF COURT—1265. Weight of Evidence —191. Burden of Proof.**
Charge that burden of proof is upon defendant to prove, by preponderance of evidence, that note and mortgage in question were procured by fraud of original payee, states correct rule.

**1041. REVERSAL.**

Two issues having been submitted to jury, it having returned general verdict for defendant, and there not being any way by which reviewing court can tell upon which issue jury returned verdict, and there not being any prejudicial error as to one, judgment cannot be reversed although prejudicial error is found in record as to other.

**148. BILLS OF EXCEPTIONS—49. Affidavits.**

To have affidavits used on motion for new trial available for reviewing court to consider upon petition in error, necessary to have same attached to and made part of bill of exception.

Error to Common Pleas.

Judgment affirmed.

Laybourne, Zesiger, Johnson & Crafts, Akron, for Chima.

May & May, Akron, for Galusca.

## STATEMENT OF FACTS.

The parties stand in this court as they did in the Court of Common Pleas, in which court the plaintiff sued the defendant upon a promissory note in the sum of $500, dated July 10, 1923, due six months after date, and payable to one Valear Cutean, the former husband of said defendant. When the note became due, the same was not paid, and some time thereafter the payee transferred and assigned the same to said plaintiff.

In an answer filed by the defendant, she admitted the execution and delivery of the note and mortgage, but claimed the same was obtained from her by the fraud of her former husband; and second, that the plaintiff is not the owner of said note.

In a reply filed by the plaintiff, he denied that the note and mortgage were obtained from said defendant by fraud, as alleged by her.

The case was tried to a jury, and a verdict was rendered in favor of said defendant. A motion for a new trial was filed and overruled, and the case is here on error to reverse the judgment entered upon the verdict.

The plaintiff alleges, first, that the trial court committed error as to the admission of certain evidence offered by the defendant, in that she was permitted to testify that she wrote to and received a letter from her husband, in the fall of 1923, and was permitted to give her version of the contents thereof; second, that the court erred in its charge to the jury, in that it stated that the defendant must prove her defense by fraud merely by a preponderance of evidence, instead of by clear and convincing evidence, and third, that the verdict of the jury is manifestly against the weight of the evidence.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

PARDEE, J.

The case was submitted to the jury upon two issues: first, was the plaintiff the owner of the note sued upon? and second, had the note been procured from the defendant by the fraudulent representations of the original payee thereof?

The plaintiff in error is right as to his claim that the admission, by the trial court, of the testimony in regard to the letters which the defendant wrote to her husband and received from him in the fall of 1923, was erroneous. If the former husband, the original payee of the note, had been the plaintiff in the trial court, this evidence, of course, would have been competent; but a third party, who claimed to be the sole owner of the note, being the plaintiff, this evidence was hearsay, was improperly received, and was prejudicial.

The trial court, in its charge to the jury, said that the burden of proof was upon the defendant to prove, by a preponderance of the evidence, that the note and mortgage in question had been procured from her by the fraudulent representations of the original payee.

This is the correct rule. This subject was fully discussed in the case of Bates, Trustee v. Firestone, decided by this court and reported in the 20 Oh. Ap. 51.

After fully reading the record in this case, we cannot say that the findings of the jury upon the two issues made by the pleadings and evidence is manifestly against the weight of the evidence. We do not find the affidavit which was used upon the motion for a new trial. It is not attached to the bill of exceptions and is not among the original papers. To have this affidavit available for a reviewing court to consider upon a petition in error, it is necessary to have the same attached to and made a part of the bill of exceptions. This not having been done, we are unable to consider the affidavit in arriving at a proper determination in this case. Goldsmith v. State, 30 OS. 208.

Two issues having been submitted to the jury, and it having returned a general verdict for the defendant, and there not being any way by which we can tell upon which issue the jury returned its verdict, and there not being any prejudicial error as to one, we cannot reverse the judgment, although we do find prejudicial error in the record as to the other.

(Funk, J., concurs. Washburn, PJ., took no part in the consideration or decision of this case.)