## SIMES v DAYTON-XENIA RY CO

Ohio Appeals, 2nd Dist, Greene Co

No 430. Decided June 5, 1937

Marshall & Marshall, Xenia, for plaintiff-appellee.

Harry L. Ferneding, Dayton, and C. L. Darlington, Xenia, for defendant-appellant.

## OPINION

By HORNBECK, J.

Presented and considered on appeal on questions of law from a judgment on behalf of the plaintiff in the sum of $950.00, with interest and costs.

The pertinent facts germane to the questions presented are that plaintiff instituted her action against the defendant for damages for personal injuries claimed to have been suffered by her while a passenger on one of the street cars of defendant company by the negligence of its motorman in closing the door of the car upon · which plaintiff was riding, which struck her just back of the right ear.

Upon issues drawn the cause was presented to a judge · and jury, resulting in the return of a verdict for the plaintiff on the 29th of November, 1933, in the sum of $950.00, which verdict was signed by all the members of the jury. Within three days the defendant filed a motion for new trial, consisting of sixteen grounds. The ninth ground of the motion was as follows:

"The court erred in refusing to permit the defendant to show to the jury the operation of the door on the vestibule of the car to the great and serious prejudice of this defendant in this, to-wit: that had the defendant been permitted to show the operation of said door to the jury, such operation would have established the fact that plaintiff could not have been injured by said door as complained of in her petition, * * *."

The fifteenth ground:

"The verdict reached was a quotient verdict and was arrived at in the following manner, to-wit: the jury first determined that there was liability on the part of the defendant and thereupon the jury decided in advance of balloting to determine the amount of the verdict by ballot each juror to mark on his ballot the amount to which he or she thought the plaintiff was en-

titled, then to add the amounts on each ballot and divide said total amount by twelve and the jury decided in advance of said balloting to abide by the result obtained as aforesaid and return same as the verdict of the jury, whereupon twelve ballots were cast, the amounts were added and the total amount divided by twelve, which sum was $950.00 and said sum in accordance with the agreement previously made and entered into was returned as the verdict of the jury."

We have set forth these two grounds of the motion only for the reason that but one of them is discussed in the briefs which have come to our attention, namely, No. 15, and No. 9 was presented at the time that the case was argued orally.

The next paper, following the motion for a new trial found in the transcript of docket and journal entries, is a motion, the filing of which, in Common Pleas Court, does not appear, at the top of which, written in ink, appears this notation: "Original lost—This copy substituted." This motion filed by the plaintiff asked the court to strike from the files in the case the affidavits of Harry Swigart, court bailiff, and the jurors who tried the case, all filed under date of September 5, 1934, for the reason that they are "incompetent and inadmissible for the purpose of impeaching the verdict heretofore rendered by said jurors."

The next paper in chronological order, bearing a file mark of August 18, 1936, is an entry overruling the motion of defendant for a new trial and to set aside the verdict and entering a judgment on the verdict for the plaintiff.

On September 25, 1936 an entry, in substance as follows, was filed in Common Pleas Court:

"It appearing to the court that a motion filed by the plaintiff, September 21, 1934, has not been disposed of by the court, the court in order to clarify the record hereby sets aside and vacates the former order and decree of this court approved and filed August 18, 1936."

Thereupon the court overrules the motion of defendant for new trial and sustains the motion of the plaintiff to strike certain affidavits from the file. Judgment is again entered on the verdict and by agreement the bill of exceptions theretofore filed in the case was withdrawn and defendant was permitted to re-file it.

On October 22, 1936 a motion signed by counsel for the defendant was filed in the trial court, reciting among other things that in addition to the bill of exceptions which contained a transcript of the record and exhibits of the trial, there should be attached to and made a part of said record in this case certain affidavits of the twelve jurors, the affidavit of the court bailiff, together with certain ballots used by the jurors in arriving at their verdict and a written memorandum that is claimed by defendant to have been used by said jurors in tabulating their verdict, the said original affidavits, ballots and written tabulation of the jury having been filed by defendant with the clerk of courts concurrently with and in support of its motior for new trial and considered by the court in passing on said motion; that said original affidavits, ballots and written tabulation had been lost or mislaid, notwithstanding earnest and diligent efforts to recover same by counsel in the case and the clerk. This defendant further represents that:

"It is important and necessary for its interests in this proceeding that the same be recovered and form part of its record in this case, therefore moves that and until such time as the originals are found plaintiff be permitted to substitute copies of said affidavits same to be duly verified and to form part of the records in this case."

Thereafter there appear affidavits of Marcus Shoup to effect that he had interviewed all of the jurors in the case and stating in substance that he had learned from them facts which indicated that they had reached their verdict by means of a quotient, and that each of said jurors had sworn to and subscribed to an affidavit exactly similar to one which presumably was attached to Mr. Shoup's affidavit or filed simultaneously therewith. This latter paper purports to be a copy of an affidavit signed by Bessie Wolf, one of the jurors, the substance of which tends to prove that the jury had reached its verdict by means of a quotient.

Next there follows an affidavit of Harry Swigart, at the bottom of which is this notation: "Original lost—This copy substituted." This affidavit is dated October 31, 1936 and following it is an affidavit which affiant says was a copy of one to which he subscribed on January 31, 1934. This affidavit and tendered copy in effect

support the subject matter set forth in the fifteenth ground of the motion for a new trial and following these affidavits is an entry wherein the court authorized and approved the substitution of certain copies of affidavits, all as set forth in the motion of defendant filed October 22, 1936. The dates of the filing of the affidavit of Marcus Shoup, the copy of the affidavits of Bessie Wolf, the affidavit of Harry Swigart and the copy of affidavit formerly made by him, do not appear. The final entry, in chronological order, which we have heretofore set forth, was filed in Common Pleas Court on October 22, 1936.

Upon this state of the record we are requested to say whether or not error has intervened in the entering of the judgment for the plaintiff to the prejudice of the defendant. The principal ground urged is that the court erred in entering judgment on the verdict because it conclusively appeared that the form returned by the jury was a quotient verdict and therefore should not be recognized as a verdict.

We again observe that all we have heretofore stated respecting entries and affidavits is found in the transcript of docket and journal entries and does not appear in the bill of exceptions. The motion of the defendant to which we have referred does not purport to be in the form of an affidavit and merely alleges facts in such form as would be presented in such a motion.

It is the duty of the party excepting to prepare the bill of exceptions, showing the facts on which he relies in his error proceeding. **State ex Dory v Dickson, 2 Oh Ap 218.**

Without respect to any purpose that this court might have to pass upon the interesting question presented in the briefs, we are bound by the rules of procedure and cannot go outside the record. **Workman v The Green Cab Co., 20 Oh Ap 349 (4 Abs 260).** Unless the error complained of is properly exemplified for our consideration, it would be a futile and useless effort for us to undertake to express an opinion on it.

At the very outset of this case we are met with a situation which, in our judgment, precludes any possibility of our consideration of any of the affidavits heretofore set out in support of the fifteenth ground of the motion for new trial, as appearing in the transcript of docket and journal entries. These affidavits urge, and all were tendered as evidence supporting the claim of the defendants, that the verdict of the jury as returned was a quotient verdict. It was, therefore, essential that all that was before the trial judge for consideration should be exemplified in a bill of exceptions. The leading case in Ohio on the general subject is **Goldsmith v State, 30 Oh St 208,** the second syllabus of which is:

"Exhibits and affidavits, given in evidence on the hearing of a motion, which are not legitimately part of the record, cannot be considered by a reviewing court on error to the decision of the motion, though they may have been recorded by the clerk as part of the case, unless they are properly brought upon the record by bill of exceptions."

**Smith v Board of Education, 27 Oh St 44; Schultz v State, 32 Oh St 276; Maranda v State, 17 Oh Ap 479; Smolinski et v Kabala, 21 Oh Ap 52, 4 Abs 109; Montgomery v State, 4 O.C.D. 199; Chima v Galusca, 6 Abs 276.**

It is said in 2 O. Jur. 440:

"The proper method of bringing affidavits into the record for review is by bill of exceptions."

In **Long v Cassiero et, 105 Oh St 123,** the court was considering an attack upon a verdict on a motion for new trial, which was supported by affidavits of certain of the jurors in the case, which affidavits were not incorporated in the bill of exceptions. Judge Jones, in the first paragraph of the opinion, page 125, says:

"From the viewpoint of procedure, therefore, the main question presented to this court passes out of the case, since it has been held that such affidavits must be incorporated in the bill of exceptions and verified by the trial judge."

In **Downer v Hart, 6 Abs 198,** affidavits were filed supporting a claim of misconduct of a juror who participated in the verdict but were not made a part of the bill of exceptions. The court held that matters contained in such affidavits were not before the court for consideration. To like effect in substantially the same situation see **Henning v Bartz, 1 O.C.C. (N.S.) 389; Gallier v Gallier, 27 O.L.R. 346.**

Other cases supporting the principle but

in which the question was not raised on motions for new trial are: **Sleet v Williams, 21 Oh St 82; Garner v White, 23 Oh St 192; Karacsony v Stockich, 2 Abs 280.** The procedural rule in Ohio is accepted throughout other jurisdictions. 3 Am. Jur. 252; 4 C. J. S. 1241; State v DeGrace, (Ore.) 99 A.L.R. 232. The question of quotient verdict was brought into the record by a bill of exceptions in the late case of **Lund v Kline,** No. 2724, Franklin County, April 10, 1937 (24 Abs 387).

Our attention is called in the brief of defendant to the fact that the trial court in passing on the question raised by the claim that the jury reached its verdict by means of a quotient, stated that the ballots written by the jurors and the memorandum used by them was given consideration, thus establishing that at one time they were before the court. The facts sought to be reviewed in this court cannot be brought upon the record by the opinion of the trial court. **Hoyt Drygoods Company v Thomas, 19 O.C.C. 638.**

We are required to say that the fifteenth ground of the motion for new trial, namely, that the verdict is a quotient verdict, is not presented upon the record for our determination because the affidavits tendered to the trial court and which he refused to consider are not before us.

The ninth ground of the motion for new trial, which was assigned as error in the oral argument of counsel, relates to the refusal of the trial court to permit the defendant to show the jury the door which plaintiff claims struck her and its operation when closing by means of lever control. It was the claim of defendant that the observation of this operation would have demonstrated to the jury that the movement of the door in closing was very slow and that the plaintiff could not have been injured in the manner claimed by her. The rule is that the court has wide discretion in determining whether or not a jury shall be permitted to observe an exhibition of mechanical devices or experiments. **17 O. Jur. 587-589.**

We cannot say that in refusing to permit the demonstration of the closing of the door the court abused its discretion. Especially is this true because the motorman and an engineer of the defendant company, who testified as an expert, were permitted to develop the defense theory of the case and to demonstrate the manner in which and the speed at which the door closed and to indicate why, from their viewpoint, the plaintiff could not have been injured as she claimed.

We find no error in this case resulting prejudicially to the defendant. The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.