## BOWEN v
## FEDERAL UNION LIFE INS CO et

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2692 & 2693. Decided Dec 6, 1937

Herbert S. Duffy, Attorney General, Columbus, Thomas W. Miller, Asst. Atty. General, Columbus, and Robert L. Barton, Special Counsel, Columbus, for plaintiff-appellant.

Frank H. Kunkel, Cincinnati, and C. C. Williams, Columbus, for appellees.

## OPINION

By HORNBECK, J.

These cases are disposed of together. The questions presented are the same. The one in which Curtis C. Williams is interested is No. 2692 and the one in which the application of Oren L. Gessley is considered is No. 2693.

Some months since, this matter came to our attention. Upon an examination of

the briefs it appeared that an allowance had been made by the District Judge of the U. S. Court for services to a receiver theretofore appointed by the court covering substantially the same period for which payment for services is claimed by the appellees. From the briefs it further appeared that the District Court had named a receiver for the defendant company to which order an appeal was prosecuted to the U. S. Circuit Court of Appeals, which court reversed the order of the District Court and held that the appointment of the receiver was made upon a petition which did not state a cause of action. Inasmuch as the cause pending in the Circuit Court of Appeals involved the right of the receiver to receive payment for services aforesaid, we were of opinion that the decision of this court, when released, would, though probably not determinative, at least be informative and helpful to this court in deciding the matters here presented. We therefore suggested that action in this cause be held until a decision was received from the Federal Court.

Some weeks since, counsel urged upon us the advisability of a prompt decision and further the claim was made that the question presented in the Circuit Court of Appeals was not at all the same as the one involved here. As we then understood, counsel for the Superintendent supported the position of this court that the matter should be held. Since then, we are in receipt of a letter which is to effect, as we interpret it, that the Attorney General desires this case to be decided now instead of waiting for any further action by another court. We are of opinion that this request is proper and should be granted.

We then come on to decide the questions which are presented in the respective causes before us.

It should be noted that the notices of appeal in these causes were on questions of law and on questions of law and fact. No doubt, they could have been presented to us as upon law and fact, if it had been desired, but plaintiff elected to file assignments of error and it must be assumed that he is proceeding as upon appeals on questions of law only.

An examination of the papers, which are brought to our attention, discloses that there are no bills of exceptions. There is a transcript of pleadings and journal entries. The briefs of plaintiff in this court state that the cause was submitted to the court below upon agreed statement of facts contained in the applications of appellees,

Williams and Gessley. In each case the judgment entry of the trial court recites that the cause came on to be heard upon the "motion, agreed statement of facts and evidence," the motion being the application of the respective claimants for an allowance of compensation.

A careful and minute examination of the transcripts discloses no agreed statement of facts nor is there any evidence brought to us in any form. It does appear that in connection with █ and as a part of the respective applications of appellees, there is set forth what is headed "Statement of Facts" preceding which is the assertion,

"In support of application we submit statement of facts upon which, if disputed, we propose to offer evidence."

We also find among the applications, etc., in the transcripts a statement of counsel for one of the parties that the matter had been submitted to the trial court upon an agreed statement of facts. There is, however, nothing in this record which is so authenticated or which can be so designated. A letter from appellee Williams to appellant and the final entry in the Circuit █ Court of Appeals also appears in the transcript, but such evidence can not be brought into the record for our consideration in this manner. **Simes v Dayton-Xenia Railway Company, 24 Abs 595.**

Upon the findings in the judgment entries, which do not purport to be a complete finding of facts and law, giving to the action of the court every legal intendment in its favor, we are required to say that no prejudicial error appears.

We might say further for the benefit of the parties that on the facts, upon which counsel briefed the cases, the equities are clearly with the appellees and in our opinion, the determination and judgment of the trial judge was correct, assuming that these facts were before him. The only close question is as to the right of appellees' claims to the declared preferential. Inasmuch as the assets of the company were returned to its officers upon termination of the receivership action in Federal Court and the taking over by the Superintendent of Insurance was not upon an adjudication that the company was insolvent, the salaries of the appellees may properly be considered as current expenses.

The judgments in both cases will be affirmed.

BARNES, PJ, and GEIGER, J, concur.