**FELTY v SPRINGFIELD BREWING CORPORATION, et**

Ohio Appeals, 2nd Dist, Clark Co.

No. 398. Decided Dec. 28, 1939.

Edward G. Krauss, Cleveland, for defendant-appellant.

Cole & Hodge, Springfield, for Robert Felty, plaintiff-appellee and J. Harry Lawwill, defendant-appellee.

## OPINION

By HORNBECK, PJ.

The notice of appeal in this case is directed to an order of the Common Pleas Court entered on the 19th day of October, 1938, dismissing the answer and cross-petition of defendant, Springfield Brewers, Inc., and to the judgment and decree of the court of date—October 22, 1938, wherein judgment was rendered for plaintiff, Robert Felty, and for defendant, J. Harry Lawwill, and providing for the sale of real property described in plaintiff's petition. The appeal is on questions of law.

Prior to October 19, 1938, to-wit, June 14, 1938, plaintiff and his co-defendant, Lawmill, moved the court to require defendant, Springfield Brewers, Inc.. to furnish adequate security for costs. This motion was sustained and entry journalizing the order of the court was filed June 14, 1938, and recites that the motion was sustained because of the non-residence in Clark County of defendant, Springfield Brewers, Inc. This entry also states that one of the grounds of the motion to dismiss was the insolvency of defendant corporation.

The entry of October 19, 1938, is to the effect that the cross-petitioner, Springfield Brewers, Inc., has failed and neglected to comply with the court's order of June 14, 1938, to furnish security for costs within thirty days, in the sum of $500.00. The entry further recites the proffer and acceptance of evidence for and against the order of the court requiring security for costs, upon the question of the residence of defendant corporation and upon its insolvency.

The court then again finds that the motion to dismiss is well made, sustains it and orders and adjudges that the amended answer and cross-petition of defendant, Springfield Brewers, Inc., be dismissed.

So that we may get a true appreciation of the status of the record it will be necessary to set out some pertinent facts appearing.

We first examine the final judgment entry and find that a judgment is entered in behalf of cross-petitioner, J. Harry Lawwill, against defendant, Springfield Brewing Corporation, in the sum of $77,500.00, with interest from August 19, 1936. A judgment is entered

in behalf of the plaintiff against the defendant, Springfield Brewing Corporation, in the sum of $17,500.00, with interest from September 1, 1936, and an order of foreclosure entered in behalf of both judgment creditors.

The entry recites findings respecting the indebtedness' of the Springfield Brewing Corporation to J. Harry Lawwill, that it was predicated upon a promissory note which was executed and delivered to said Lawmill for value received by Springfield Brewers, Inc., and being secured by a second mortgage on the real estate described; that Lawmill made, executed and delivered a warranty deed for said premises to said Springfield Brewers, Inc., which Company deeded said premises to said Springfield Brewing Corporation.

It further recites that to secure the payment of the promissory note set out in the cross-petition of J. Harry Lawwill, the Springfield Brewing Corporation made, executed and delivered to said Lawwill its certain mortgage deed conditioned for the payment of said promissory note, and said mortgage remains uncanceled, and is still a good and subsisting second lien upon said real estate. Further, that in August, 1935, said Springfield Brewers, Inc., conveyed the real estate described in the mortgage to defendant, Springfield Brewing Corporation, in which deed said corporation assumed and agreed to pay the mortgage indebtedness owing by said Springfield Brewers, Inc., to the cross-petitioner, Lawwill, in the sum of $85,000.00.

It may be noted that the Springfield Brewers, Inc., was brought into the case by the answer and cross-petition of defendant, J. Harry Lawwill, of date —March 13, 1937, and return of summons issued thereon as of March 27, 1937.

Suffice to say that at the time the court passed upon the motion for security for costs, defendant, Lawwill, had, by his cross-petition, sought judgment against defendant, Springfield Brewers, Inc., in the amount of $77,500, with interest. This cross-petition had been met by the answer of Springfield Brewers, Inc., which was in the form of a general denial. Defendant, Springfield Brewers, Inc., had by cross-petition sought damages against plaintiff and defendant, Lawwill, in the sum of $115,000.00, predicated upon alleged fraudulent misrepresentations claimed to have been made by plaintiff and Lawmill to said defendant in the transaction wherein Springfield Brewers, Inc., acquired the real estate described in the petition and issues had been drawn on this cross-petition by answer of plaintiff and defendant, Lawmill, thereto.

Following the last pleading which was filed of date—October 28, 1937, plaintiff, Felty, and defendant, Lawwill, moved the court for an order requiring cross-petitioner, Springfield Brewers, Inc., to furnish adequate security for costs inasmuch as it was a non-resident of Clark County. The court sustained this motion and more than thirty days thereafter dismissed the amended answer and cross-petition of Springfield Brewers, Inc., after the court had determined that the Springfield Brewers, Inc., had not complied with its former order and had further determined that it was an insolvent corporation.

We are first met with the motion to dismiss the appeal because not directed to any final judgment or order.

In our opinion the action of the court in dismissing appellant's answer and cross-petition was a final order. Evans v Iles, 7 Oh St 234, French, Admr. v Construction Company, et, 8 O. C. C. N. S. 425. In this latter case the same claim was made as in the instant case, namely, that the action of the court was for disobedience of a rule of court and but a dismissal without prejudice.

In the instant case it is obvious that the dismissal of appellant's answer and cross-petition is to all intents and purposes a disposition against him of his right to proceed to have his claim adjudicated in the jurisdiction of the Clark County Common Pleas Court. If he should attempt to renew his action he would in all probability be met with the same order that he secure costs.

and unless and until this was done he could not proceed. If this order was improperly made he is denied a substantial right and a judgment is prevented.

We come then to consider the errors assigned, which though assigned under six headings may all be grouped under the claim that the court erred in finding that appellant was a non-resident corporation, that it was insolvent, and that the amount of bond required is excessive.

The record on the question of the non-residence of appellant is in an anomalous state.

Appellant in its answer and cross-petition avers that it is a corporation duly organized under the laws of Ohio, with its principal office located at 1040 Guardian Building, Cleveland, Ohio. This averment, which opposing parties had the right to assume was true, is the basis for their claim that the corporation is a non-resident. Appellant without asking leave or attempting to amend the averment of its cross-petition introduced its affidavit to the effect that the corporate records of the Secretary of State of Ohio show that the Springfield Brewers, Inc., is a corporation of Springfield, Clark County, Ohio, and tenders as evidence of the truth of the statements in the affidavit a copy of the articles of incorporation of said company duly certified by the Secretary of State. It appears in one of the entries that the articles of incorporation were produced and that it disclosed that the Home Office of appellant corporation was in Springfield, Ohio. This is indisputable proof that the corporation was not a non-resident of Clark County, although a direct refutation of the averments of its cross-petition.

Inasmuch as the court permitted this evidence to be offered and considered in making determination of the question presented, it was erroneous to find that the appellant corporation was a non-resident, **10 O. Jur. 221.**

The appellant should have been permitted to amend its answer and cross-petition to conform with the facts appearing and the motion to dismiss for the non-residence of appellant should have been overruled.

It is urged by appellant that the motion to dismiss for failure to secure costs came too late, as it was filed after the trial had begun. The record does not support the conclusion that the trial had begun when the motion was filed. It appears that on June 7, 1938, a jury was duly impaneled and sworn, and the cause came on for hearing on the pleadings and evidence.

Evidently an oral motion was filed after the impaneling of the jury to require appellant to furnish security for costs, but thereafter "by consent of both parties, the court discharged the said jury without day." Thereafter, on June 10th, "motion for security of costs filed." This probably was the written motion. It thus appears that the jury which was to try the cause had been discharged, so that it cannot be said the trial had begun when the motion was interposed.

Something is said in the briefs about an arrangement thereafter to submit the case to special masters or referees, but this is not properly before us on the record. If such an arrangement was made by agreement of the parties the court would have the right to require that the payment of these referees be assured before they would be required to give their time and attention to a trial and determination of the cause. If they were to determine the issue drawn on appellant's cross-petition and answers thereto, we are satisfied that the court had inherent authority to require appellant to secure the costs. Re Probate of Barrs Will, 110 D. Re. 910.

It must be appreciated that this court is in a poor position to decide the questions presented because there is no bill of exceptions, and we can only determine what was before the court by that which is carried into the journal entries. The journal entries set forth generally what was before the court on the motions. It is stated in one of the entries that—

"Thereupon, plaintiff, Robert Felty, and defendant, J. H. Lawwill, proffered and filed in court an affidavit of J. H. Lawwill to the effect that the cross-petitioner is, and at the time of the institution of this suit was an insolvent corporation, with its charter canceled by the Secretary of State on account of franchise taxes which it still owes and having no assets or property whatsoever."

It is the duty of the party excepting to the order of the court to ██ prepare the bill of exceptions, where necessary, showing the facts upon which he relies in his error proceeding. **State ex Dory v Dickson, 2 Oh Ap 218.** In **Goldsmith v State, 30 Oh St 208,** it is said—

2nd Syl. "* * * exhibits and affidavits, given in evidence on the hearing of a motion, which are not legitimately part of the record cannot be considered by a reviewing court on error to the decision of the motion, though they may have been recorded by the clerk as part of the case, unless they are properly brought upon the record by bill of exceptions."

For full citation of authorities on this question, see **Simes v Dayton-Xenia Ry. Company, 24 Abs 595,** decided by this court.

Upon the statement in the entry of the facts before the court at the time that it passed upon the motion of plaintiff and defendant, Lawwill, grounded upon the claim that appellant was an insolvent corporation, we cannot say that the court erred in ██ holding that this claim was established. The affidavit of plaintiff and defendant, Lawwill, was to the effect that the appellant had no assets or property whatsoever, and that its charter had been canceled by the Secretary of State for failure to pay franchise taxes which taxes at the time of the hearing on the motion had not been paid. The inference to be drawn from these facts fully supports the conclusion that the appellant was insolvent.

Sec. 11614, GC, is statutory authority for the court to require a ██ party which is insolvent to secure costs in a civil action.

We cannot say that the amount of security for costs fixed by the trial court was excessive. Especially is this true if the cause of action arising on the cross-petition was to be tried to three referees, and if the issues were complicated or would require considerable time for presentation and decision. These details are not before us and we have no means of determining them, although it is probable that the trial judge was informed on these matters by oral presentation of counsel for the respective parties, and, therefore, was in much better position to determine what would be a fair amount to secure costs than this court.

This, then, determines the errors assigned as they relate to the action of the court in dismissing the cross-petition of appellant. There is left the question of the error claimed in the dismissal of the answer of appellant.

If defendant, Lawwill, had taken any judgment against defendant, Springfield Brewers, Inc., on its cross-petition, we would not hesitate to hold that the court erred in dismissing its answer to said cross-petition. This would follow because Springfield Brewers, Inc., was brought into the court upon summons issued of date—March 27, 1937, on the answer and cross-petition of defendant, Lawwill, and therefore it had the right, without security of costs, to make any proper defense.

But—if Springfield Brewers, Inc., has not been prejudiced by ██ the dismissal of its answer, it cannot be heard to complain.

An examination of the judgment entry discloses that no judgment whatever was taken against Springfield Brewers, Inc., in favor of Lawwill, or in favor of plaintiff. So that, if the defendant, Springfield Brewers, Inc., had been permitted to make its defense under its general denial to the cross-petition of Lawwill, it could not have

accomplished more than to prevent judgment against it.

Upon full consideration of all the questions presented, we are of opinion that no error intervened to the prejudice of appellant by the action of the trial judge in sustaining motion of plaintiff and defendant, Lawwill, for security for costs. The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.