## MORRISON, Plaintiff-Appellant v. BAKER, Exrx., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3553.   Decided July 29, 1943.

David T. Keating, Columbus, and David A. Peiros, Columbus, for plaintiff-appellant.

Forrest R. Detrick, Worthington, for defendant-appellee.

**OPINION**

BY THE COURT:

This is an appeal from a judgment of the Common Pleas Court overruling a motion of plaintiff to set aside an order vacating a former default judgment in favor of the plaintiff and against the defendant.

It develops that plaintiff instituted her action to recover the sum of $2500.00 with interest for services claimed to have been rendered to defendant's decedent during his lifetime. Succeeding the filing of the petition, defendant moved the court to dismiss the petition for want of security for costs. Without formal action by the court upon this motion, plaintiff deposited the sum of $25.00 to cover the court costs in the case which deposit was made with the Clerk of Courts and, according to an affidavit by said clerk, was accepted by him as sufficient security for the costs. Thereafter, the defendant being in default for answer or demurrer, the cause was assigned for trial, jury waived, cause heard and finding made by the court for the plaintiff in the sum of $2500.00 and judgment entered on the finding, both finding and judgment entered the same day. Thereafter, execution was issued on the judgment.

At the term next succeeding the judgment entry the trial judge, without any formal written motion, entered an order, the pertinent portions of which are that, the cause coming on to be heard upon representation that it was a matter in default, and it appearing that the court had rendered judgment in favor of the plaintiff in the sum of $2500.00, with interest and costs, and the court coming on to examine the record finds that a levy was made upon execution on said judgment and order of sale was issued to the Sheriff of Franklin County, Ohio. The court further finds that,

"At the time said judgment was rendered, the defendant was not in default for pleading and that a motion to dismiss said cause was in the files at the time of the rendition of said judgment and that the defendant has an attorney of record in this cause and that such attorney was not notified of the hearing or of the entry or of any pleadings filed since the said entry, * * *."

The court then ordered that the judgment be declared null and void, set aside the judgment and levy and ordered the cause restored to its status at the time when the petition, return of summons and motion of defendant to dismiss were the pleadings on file with the Court.

The appeal in this cause is directed to the order of the trial judge setting aside the judgment on motion filed after term and, although there are seven assignments of error, there is but one controlling question, namely, did the court upon the situation presented by the record erroneously and prejudicially enter the order of which complaint is made.

At the outset, it should be noted that this cause comes into this court on appeal on questions of law and without any bill of exceptions. Certain affidavits appear in the transcript of docket and journal entries which may not be considered by this court as evidence as upon review. We have so held in **Simes v Dayton-Xenia Ry. Co., 24 Abs 595.**

We may assume that in this case, the trial judge had authority to set aside this judgment, after term, by virtue of §11631 GC only, and it appears from the journal entry that the court acted under the 3rd ground of said section, namely, "for irregularity in obtaining a judgment or order."

The first irregularity which the court finds was, that the defendant was not in default for pleading. This finding is not supported by the record because the motion of the defendant on file at the time of the trial was not a pleading, §11303 GC.

Counsel for plaintiff cite many authorities to the effect that the pendency of a motion to require plaintiff to secure costs does not operate to extend the time within which defendant must answer or demur and that a default judgment, if otherwise properly entered, is not irregularly entered because of the pendency of said motion. The cases support the claim of appellant. The motion in this case was somewhat broader than the usual form of motions to secure costs, in that it sought dismissal of the petition because the costs had not been secured. We doubt if this variance in form is of any materiality on the question here presented.

The entry continues and finds that the defendant, at the time of the entering of the judgment against her, was represented by an attorney of record and that such attorney was not notified of the hearing or of the entry or of any pleadings filed since said entry.

It is fundamental that every intendment must be indulged

to support a judgment or decree of a court which acts with jurisdiction, and that error to be established must affirmatively appear from the record. 2 O. Jur., 396, 397.

It must be presumed that there is a rule of court upon which the trial judge acted in setting aside the judgment, and unless and until the contrary appears, which burden is upon the appellant, we cannot find that the court had no support for the order made.

The violation of court rule has been held to be an irregularity in the taking and entering of a judgment as is contemplated by the 3rd ground of §11631 GC. Dusha v Binz, 23 Oh Ap 285; Lemieux v Kountz, 107 Oh St 84.

There is another irregularity in this case which, although not recited in the entry as a basis for the order of the court, would be sufficient to support the order, namely, the fact that the finding of the trial judge and the judgment thereon were entered the same day. Where an issue but for the waiver of a jury would be triable to a jury is submitted to a court, the finding of the court is the equivalent of the verdict of a jury and an entry of a judgment on the finding before the expiration of the three day period within which a motion for a new trial may be filed, is ineffective to start the running of the limitation for filing a petition in error. Boedker v Richards Co., 124 Oh St 12.

Other questions are presented and briefed but inasmuch as the cases cited are determinative of the assignments of error we will not discuss them. Judgment affirmed.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.