**WEST, Plaintiff-Appellant, v. BALLENTINE et, Defendants-Appellees.**

Ohio Appeals, Second District, Clark County.

No. 490.   Decided November 1, 1952.

Drewey H. Wysong, Dayton, for plaintiff-appellant.
David W. Carter, Cole & Cole, Springfield, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal which proceeds as upon questions of law from

a judgment of the Common Pleas Court entered upon a verdict of a jury in favor of defendants, Dennis Patton and Luretta Patton, a motion for new trial also having been filed and overruled.

There are seven errors assigned. , The third and fourth relate to claimed misconduct of four members of the jury. The record does not exemplify this assignment. The sixth assignment relates to the action of the Court in overruling plaintiff's motion for a change of venue. The affidavits supporting this motion are not properly before the Court in any bill of exceptions or in any other recognized legal manner. **Simes v. Dayton-Xenia Ry. Co., 24 Abs 595, 597.**

The seventh assignment of error also relates to motion for change of venue as to which we make the same observation as to assignment No. 6. The other errors assigned are that the verdict is against the manifest weight of the evidence and that the Court erred in its charge to the jury, and in overruling the motion for new trial.

We shall not consider these questions at great length. We have read the evidence in its entirety and the charge of the Court and the pleadings upon which the parties were at issue and went to trial.

There were two theories upon which the jury could have returned its verdict. One, that the plaintiff did not establish by the requisite degree of proof his claim to damages. Two, that if plaintiff had any claim for damages it was released by agreement of appellant and appellees.

Plaintiff proceeded upon the claim that he had three written contracts which were in the possession of appellees and that they conspired to defraud him to his damage in excess of $40,000.00. Appellees denied any written contracts other than a bill of sale for personal property and claimed that they accounted to the plaintiff for all that was due him under their agreement respecting the operation of his welding business.

The issues of fact were primarily for the determination by the jury which held against the contention of the plaintiff. Under the rules controlling our action in granting a motion for new trial because a verdict and judgment are against the manifest weight of the evidence, we may not disturb this judgment.

We have also examined the charge of the Court. As to plaintiff's case the charge followed his theory of conspiracy to defraud by the breaching of the written contracts and fairly presented the question to the jury. The Court, likewise, charged the obligation of the defendants to prove their affirmative defense by a preponderance of the evidence.

It will be noted that counsel for plaintiff interposed no exception whatever to the charge. We find no error in the charge as given which can be held to be prejudicial to the plaintiff.

There are some unfortunate aspects of this case. One in particular is the unusual delay in bringing it to trial and determination. This, however, may not be the basis of any relief in this error proceeding.

The judgment must be affirmed.

It will be so ordered.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.