**CALDERON, d. b. a. CASTLE BAR, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4983. Decided February 8, 1954.

Kosling & Battisti, Frank J. Battisti, of Counsel, Youngstown, for appellant.

Hon. C. William O'Neill, Atty. Genl., Robert Krupansky, Kiehner Johnson, Asst. Attys. Genl., Columbus, for appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court sustaining an order of the Board of Liquor Control revoking the D-5 and D-2 liquor permits issued by the Department to the appellant. The charge was illegal sale of intoxicating liquor on Sunday and also hindering and obstructing the investigation. The appellant is not urging that the order of the Board is not supported by reliable, probative and substantial evidence, but is contending that, in arriving at this conclusion and fixing the penalty, it gave consideration to evidence not properly in the record. It appears that the proceedings before the Board, which were held on March 11, 1953, were properly filed in the Common Pleas Court, but that there was attached to the same certified copies of journal entries of the Board showing that the appellant had been found guilty on three prior occasions of violations for which suspensions had been ordered. Two of these were for Sunday sales and the other was for a violation of the Board's regulation with reference to gambling. An examination of the journal entry recites that the Board made its finding

from the "evidence" and which, as certified, does not include the prior convictions. These were merely attached to the record subsequent to the certification. Therefore, it must be concluded they were not given consideration in determining the issues presented. Such attachments to the record may not be considered by a reviewing Court when not legitimately made a part of same. The leading case in Ohio on the general subject is Goldsmith v. The State, 30 Oh St 208, the second paragraph of the syllabus of which is as follows:

"* * * Exhibits and affidavits, given in evidence on the hearing of a motion, which are not legitimately part of the record, cannot be considered by a reviewing court on error to the decision of the motion, though they may have been recorded by the clerk as part of the case, unless they are properly brought upon the record by bill of exceptions."

It is said in 2 O. Jur. 440:

"The proper method of bringing affidavits into the record for review is by bill of exceptions."

In Long v. Cassiero, et al., 105 Oh St 123, the Court was considering an attack upon a verdict on a motion for new trial, which was supported by affidavits of certain of the jurors in the case, which affidavits were not incorporated in the bill of exceptions. Judge Jones, in the first paragraph of the opinion, page 125, says:

"From the viewpoint of procedure, therefore, the main question presented to this court passes out of the case, since it has been held that such affidavits must be incorporated in the bill of exceptions and verified by the trial judge."

This Court passed upon the same question in Simes v. Dayton-Xenia Ry. Co., 24 Abs 595, the third paragraph of the syllabus of which provides:

"Affidavits tendered in evidence to support the claim of the defendant that a quotient verdict was returned cannot be considered by the reviewing court on error even though filed with the clerk in the trial court unless exemplified in a bill of exceptions."

The appellant relies upon the case of Myers v. The State, 46 Oh St 473, which is not on all fours with the case at bar for the reason that in the cited case the improper evidence was considered by the Court in determining the issues. This is exemplified by the 6th paragraph of the syllabus, to wit:

"It is not competent for him to take judicial notice of, and consider in his deliberations, that the respondent had been guilty of another contempt of the same court, for which he had theretofore been tried and found guilty. And where it appears that the consideration of such facts may have influenced the exercise of discretion, in fixing the penalty, to the prejudice of the respondent, the proceeding will be reversed for such error." (Emphasis ours.)

Finding no error in the record and finding further that the order is supported by reliable, probative and substantial evidence, the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, J, concur.