**SMITH et, Etc v VANCIL, Admr, Etc**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1215.  Decided Jan 26, 1934

Matthews & Matthews, Dayton, for plaintiff in error.

Mattern & Sheridan, Dayton, for defendant in error.

## OPINION

By HORNBECK, PJ.

We have examined this opinion and in the main are in agreement with the conclusions of fact therein stated. It discloses meticulous care and attention by the trial judge in disposing of a rather difficult question. We are content to rely in supporting the judgment of the trial court upon the case of **Follett v Alexander et, 58 Oh St, 202,** the first syllabus of which is:

"The rendition of judgment for plaintiff, as upon default, where a demurrer has been duly filed to the petition and remains undisposed of, is an 'irregularity in obtaining a judgment,' for which the court may, upon motion and a proper showing, vacate the judgment."

The dismissal of the cause in the instant case for want of prosecution is sufficiently analagous to a judgment as upon default as to make relevant the citation of the syllabus quoted. An irregularity in obtaining a judgment is a cause authorizing the Common Pleas Court to vacate its own judgment or order after term and the cited case supports the action based upon motion and proper showing. The method adopted in the instant cause was by motion and inasmuch as we do not have a bill of exceptions we would be required to find that proper showing was made. However, there is enough in the transcript of journal entries and pleadings, together with the admissions of counsel in the briefs, to support the conclusion that there was a proper showing justifying the reinstating of the cause after dismissal for want of prosecution. It being conclusively shown that at the time of the entry of dismissal for want of prosecution there was pending and undisposed of a demurrer of the defendant to the amended petition.

The third claim of the motion, namely, that the attorneys of record for the defendants had no notice of the application to vacate the order of dismissal, must be resolved against the mover because we do not have a bill of exceptions and the notice might have been given in some form other than would appear in the transcript of docket and journal entries. However, if there was no notice to counsel, as we may assume from the briefs and the opinion of the trial court, we would hold, as did the trial court, that such failure of notice was not prejudicial under the peculiar circumstances of the case.

Judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.