## DETROIT, TOLEDO & IRONTON R R CO et v BUFFALO-SPRINGFIELD ROLLER CO

Ohio Appeals, 2nd Dist, Clark Co

Decided Feb 23, 1935

.Martin & Corry, Springfield, and Keifer & Keifer, Springfield, for plaintiffs in error.

R. Stanley Lucas, Springfield, and E. C. Reminger and David Perris, Cleveland, for defendant in error.

## OPINION

By THE COURT

The action of the trial court in dismissing the cause was by virtue of Rule VII of Rules of Practice of the Court of Common Pleas of Clark County, which is as follows:

"On the first day of each term, the clerk shall furnish the court a list of cases in which no action has been taken for three (3) preceding terms. Unless within fifteen days thereafter, such cases are otherwise disposed of, or good cause shown why the same should be retained upon the docket, they shall be dismissed."

We are of opinion that there was no error on the part of the Common Pleas Court in reinstating the cause under **Subdivision 3 of §11631, GC**, which provides:

"The Common Pleas Court * * * may vacate or modify its own judgment or order, after the term at which it was made, * * * (3) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order."

We believe that both phases of Subdivision 3 were involved in entering the judgment of dismissal.

The motion to quash service of process was pending and it was the obligation of the Clerk to call the motion to the attention of the court and the court to determine the motion, or if desired to require counsel to present it orally or further upon brief, and upon failure so to do, dismissal could properly have been entered. It was irregular to penalize the plaintiff because the motion to quash had not been pressed. The obligation of urging action upon the court was enjoined upon the plaintiffs in error whose motion was pending.

This rule was a rule of the Common Pleas Court promulgated by a judge thereof. Its purpose is to preserve and control procedure in that court. The widest latitude should therefore be granted a judge of that court in interpretation of the rule. Exercising this discretion the trial judge held that notice to counsel for a party affected was a prerequisite to the application of the rule in this case. We do not find an abuse of discretion. Judgment will be affirmed.

BARNES and HORNBECK, JJ, concur.

KUNKLE, PJ, concurs in judgment.