**BOOTH v COLUMBUS (city) et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3034.  Decided June 2, 1939

Daniel S. Webber, Columbus, David T. Keating, Columbus, for plaintiff-appellee and for the Motion.

John L. Davies, City Attorney, Columbus, Baxter Evans, Special Counsel, Columbus, for defendant-appellant, City of Columbus, and contra the Motion.

### OPINION

BY THE COURT:

Submitted on motion of plaintiff to dismiss the appeal of defendants for the reason that no final order or judgment has been made or entered by the Common Pleas Court from which the appeal could be taken to this Court.

The following is the history of this case.  July 26, 1933, plaintiff filed his petition. August 26, 1933, City of Columbus filed its motion and memo. in support thereof. August 21, 1933, defendant Gaty filed a motion. November 12, 1935, the court, after having placed the case on the drop list and given notice thereof, dismissed it for want of prosecution without prejudice at plaintiff's costs. June 14, 1937, plaintiff moved for an order setting aside former order of dismissal, which motion on the same date was sustained and the cause was reinstated on the docket. July 3, 1937, defendant moved for an order setting aside the reinstatement of the case. The defendant interposed the following motion:

"Now comes the City of Columbus, Ohio, one of the defendants herein, and moves the court for an order setting aside the reinstatement of this case."

Extended memoranda were filed in connection with the motion. On February 11, 1939, the Court overruled the motion to set aside the reinstatement of the case. On March 3, 1939, notice of appeal was duly given by the City. It is to this appeal of the City that the motion which we now have under consideration is directed.

There is but one question presented on this motion and that is whether or not the order to which the appeal is directed is a final order or judgment.

In the presentation of the case much has been said by counsel representing both parties to the effect that their respective clients had no notice of the proceedings affecting his or its interest in the trial court. If this is the fact it might materially affect the orders of the court which we have heretofore recited, when and if it properly comes to the attention of a reviewing court. However, we do not and can not determine these questions now.

Counsel for the City have cited several cases which we briefly consider.

**Wohlgemuth v Taylor, 1 O. C. C. (N. S.) 62.** This case holds that a dismissal of an action for want of prosecution is a judgment. The notice of appeal in the instant case is not directed to the order dismissing the case for want of prosecution nor yet to the order reinstating the case but to the order overruling the motion to open up the reinstatement of the case. Obviously the action of the court here sought to be reviewed is twice removed from the order dismissing the cause for lack of prosecution.

**Smith v Vancil, 16 Abs 615.** This decision reviewed the action of the Common Pleas Court in vacating its own judgment after term for irregularity

in obtaining the judgment. This was a review of a dismissal for want of prosecution. No question was raised nor objection made to the finality of the order to which the opinion is directed. The case, then, is of no benefit upon the question presented in this motion.

**D. T. & I. Railroad Co. et v Buffalo-Springfield Roller Co., 19 Abs 65.** We here had under review the action of the Common Pleas Court in reinstating a cause of action under subdivision (3) §11631, GC, by the vacation of a former entry of dismissal for want of prosecution which dismissal was entered when a motion to quash service of summons was pending. We reviewed this order as directed to an abuse in entering it, but the question as to its finality was not urged and therefore was not before us.

**Ryan v Kroger Baking Company, 56 Oh Ap 469.** This case decides that the order of the trial court striking certain averments from an amended answer was not, under the circumstances of the case, a final order. The only portion of this opinion which is of interest is the first proposition of the syllabus,

"A judgment or final order from which an appeal may be taken to the court of appeals is one that divests some right in such a manner as to place it beyond the power of the court making it to place the parties in their original position after the expiration of the term at which it is made."

This is a very broad and comprehensive statement of the law and is not especially helpful. There are, no doubt, orders by the court which would offend against the language of this proposition of the syllabus which courts have refused to hold to be final orders or judgments. If this syllabus was applied to **Hoffman v Knowllman, O. L. R., April 3, 1939, 135 Oh St 170,** the court would have been required to reach a different conclusion from that announced.

**Makranczy v Gelfand, Admr., 109 Oh St 325,** holds that a vacation of a judgment rendered at a prior term, by virtue of §11631, GC, is a final order. This citation would require more attention if this proceeding was directed to the action of the Common Pleas Court in reinstating the case after the order of dismissal.

**VanIngen v Berger, 82 Oh St 255, 259,** holds that the opening up of a default judgment suspending execution thereon and granting leave of defendant to file an answer is a final order.

It will be observed that in none of these cases was the order from which the proceedings on error were taken the same as is found in the instant case.

In our judgment the motion in this case must be sustained upon the authority of the **Ohio National Bank v The Walnut Development Company, et al., Franklin Co., No. 2863,** decided May 16, 1938. Motion to certify overruled October 24, 1938, **11 Oh Bar 31.** In this case we held that an order overruling a motion to strike from the files a former order reinstating the case was not final and that appeal could not be predicated upon it.

The motion to dismiss the appeal will be sustained.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.