## STINE, Plaintiff-Appellant, v ATKINSON, ET, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4026.   Decided October 13th, 1947.

Jerome Goldman, Cincinnati, for plaintiff-appellant.

Eagleson & Laylin, Columbus, Hugh S. Jenkins, Attorney General, Columbus, John M. Woy, Assistant Attorney General, Columbus, for defendants-appellees.

### OPINION

By THE COURT

This is an appeal on questions of law from a dismissal by the Common Pleas Court of plaintiff's petition at his cost.

The entry, under date of September 23, 1946, recites:

"Upon the call of the case, and no good cause being shown why this case should be retained, it is ordered by the court that it be dismissed without record or prejudice, at the cost of plaintiff."

Plaintiff moved the court to vacate and set aside the judgment of dismissal for the reason that it was obtained through irregularity and entered through a mistake.  In support of the motion, plaintiff filed an affidavit setting up certain factual

matter tending to show, among other things, an agreement that the instant case was to be held in abeyance until another case was finally disposed of. This affidavit is not brought onto the record by any bill of exceptions and we may, therefore, not consider it. **Simes v Dayton-Xenia Ry. Co., 24 Abs. 595.**

From the transcript of docket and journal entries it appears that when the court dismissed the case there was pending a motion of defendant to strike from the petition, consisting of 15 grounds, and to make definite and certain, consisting of 3 grounds, together with memorandum, and a motion of plaintiff to. stay proceedings in the case until the conclusion of the "present existing war and for reasonable time thereafter, for the reason that plaintiff is employed by the Army Air Force of the United States and the plaintiff's attorney, by the Navy Department of the United States, and, on that account, neither plaintiff nor attorney can devote proper attention to the prosecution of this case."

It should be noted that the dismissal is general in terms, predicated upon the finding that "no good cause being shown why the case should be retained." It may, therefore, have been dismissed under Rule 12 (a) or 12 (b) of the Rules of Practice of the Common Pleas Court of Franklin County, Ohio. If it were dismissed under Rule 12 (b), we would be required, upon the principle of our holding in **Smith, et al., etc. v Vancil, Admr., etc.; 16 Abs 615,** upon proper showing as was there made, to say that the action by the court was an irregularity. However, without any further factual information than here found, we cannot find that the action was not dismissed under Rule 12 (a) which could be predicated on the fact that there were motions undisposed of which had been pending six months or more, and no reasonable cause appeared for such delay.

In the situation thus presented, indulging the presumption of the validity and regularity of the action of the trial judge, we find no abuse of discretion appearing from the transcript of the docket and journal entries as it comes to our attention.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.