**STATE, Plaintiff-Appellee, v. CALDWELL, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1774. Decided December 15, 1943.

Walter L. Connors, Dayton, for defendant-appellant.

Nicholas F. Nolan, Prosecuting Atty., Montgomery County, Fred M. Kerr, Asst. Prosecuting Atty., Dayton, for plaintiff-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of conviction of defendant-appellant of wilfully and unlawfully acting in a way tending to cause the delinquency of a minor. Four errors are assigned which we set out as we discuss them.

1. The verdict of the jury is contrary to law and against the manifest weight of the evidence.

The testimony of the prosecuting witness, if true, clearly established the guilt of the defendant of the offense charged which, although alleged to be acting in a way tending to contribute to the delinquency of a minor, was also rape. She was corroborated in essential particulars by many circumstances and by numerous witnesses. Her statements were not materially affected by her cross-examination and bore

the characteristics of verity. She reported the unlawful occurrence a few hours after the happening to two persons, both of whom testified. She stated that the defendant had taken her to the plant where he worked and narrated in detail the physical set up of the plant in a manner that supported her statement that she had been there with the defendant. Three police officers who investigated the case testified and the result of their investigation was corroborative of the truthfulness of the testimony of the prosecuting witness. The time sheet at the plant indicated that the defendant was absent therefrom during the period when the prosecuting witness said he had taken her in his automobile to the place where the offense was committed. The young man who was with the prosecuting witness in the automobile when the defendant accosted them supported her statement in all the particulars which were denied by the defendant. Finally, the defendant, in instances, was by his own admissions shown to be falsifying as to material matters in the case. He said that he had not taken the prosecuting witness to the plant and in this he was supported by workmen who were there, one having admitted him to the plant. This was the strongest evidence he produced. His complete story was before the jury. The conflict in the testimony had to be resolved by the jury which was the fact finding body. There is ample support in the record for its verdict and we can not find that the verdict was not supported by the evidence or against the manifest weight thereof.

The second assignment is that the court erred in the manner of giving further instructions to the jury "not in the hearing and presence of the public" and in the instructions themselves as set forth in the affidavit of the attorney for the defendant.

No affidavit appears in the files or the bill of exceptions as having been proffered either in this court or in the trial court.

Counsel fully briefed the question urged, namely, that **Art 1, Sec. 10,** of the **Ohio Constitution** was violated by the failure of the trial judge to give additional requested instructions to the jury in public and several cases are cited, no one of which reaches the identical question urged but all of which stress the obligation of the trial judge in criminal causes, to accord to the defendant his full constitutional rights and, further, that a failure so to do is prejudicial error.

Obviously, the error assigned is not exemplified on the record presented to this court.

"In a proceeding to reverse a judgment in either a civil or criminal case, the court regards the record as free from error until the contrary clearly appears; * * *." **McHugh v State, 42 Oh St 154.**

Such a rule must obtain in the review of a judgment for the obvious reason that a reviewing court must resort to the record to determine the facts as to what occurred in the trial court. The necessity of the rule is illustrated in this case. Counsel in their oral statements to the court differ as to their recollection of the factual occurrences out of which the error assigned arose.

We make the observation though the question is not before us on the record, that, if the occurrences were as stated by the assistant prosecutor in his oral argument to this court, there was no violation of defendant's constitutional rights. He said that the courtroom in which the trial was had, testimony taken and cause submitted to the jury was, after submission of the case, used by the jury as its deliberation room. That, when the jury called for further instructions the jurge went into the deliberation room which was the courtroom, and at that time open to the general public as it had been during the trial proper, and gave his additional instructions. This factual situation is convincing that the additional instructions were given in public as is contemplated by the Bill of Rights of the Constitution.

Under the succeeding errors, the third and fourth, it is urged that the court disregarded the provision of §13442-8 GC in that he orally qualified, modified or explained his general written charge theretofore given to the jury.

We restate what we said heretofore in considering the second error assigned. The record does not affirmatively disclose that the general charge to the jury was in writing at the time that it was given. It is made part of the bill of exceptions without further designation than the following:

"Thereupon the court charged the jury as follows:"

This does not establish that the court was then reading from a written charge. It is in the form in which general charges regularly come to our attention through bills of exceptions and we have no means of knowing whether or not the court charged orally, with or without notes, or from a partial or completely written manuscript.

.We find in the transcript of docket and journal entries the general charge of the court to the jury. This might indicate that it was the written instrument from which the court instructed the jury but it could as well have been prepared by the official court reporter at some time subsequent to the time when the jury was instructed.

It appears from the record that neither counsel requested a written charge before argument. We express the opinion which becomes pure obiter dictum, that the written charge or charges that shall not be orally qualified, modified or explained to the jury by the court is such charge or charges, as are expressly requested before argument under **Par. 7,** or under **Par. 5** of §13442-8 GC. **Par.** 5 provides:

"When the evidence is concluded, either party may request instructions to the jury on the points of law, which instruction shall be reduced to writing if either party request it."

Paragraph 7 provides:

"The court, after the argument is concluded, and before proceeding with other business, shall forthwith charge the jury; such charge shall be reduced to writing by the court, if either party request it before the argument to the jury is commenced. Such charge or charges, or other charge or instructions provided for in this section when so written and given, shall not be orally qualified, modified or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case."

We find no assignment of error well made. The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.

## ON APPLICATION FOR REHEARING

Decided January 19, 1944.

BY THE COURT:
Submitted on application of defendant-appellant **for rehearing.**

The first ground is to the effect that the court was in error in the opinion in stating that,

"No affidavit appears in the files or the bill of exceptions as having been proffered either in this court or in the trial court."

It may be, in view of the facts set forth in the application, that our statement was too broad in saying that no affidavit appears in the files. However, the test is whether the affidavit is properly before the Court as a part of the bill of exceptions. We do not understand that counsel so claims. We do not have the bill of exceptions before us but, if the affidavit which is made the subject matter of the application is a part of the record then, we will reconsider the question in the light of this development. Otherwise, our reason for disposing of the assignment sought to be raised upon the affidavit is correct and sufficient.

The second ground of the application relates to the question sought to be urged respecting the denial to the defendant of his constitutional right of a public trial. The application but accentuates the fact to which we adverted in our opinion that the record does not exemplify the question sought to be urged by appellant.

The third ground relates to the failure of the prosecuting attorney to call a certain witness. The application, in this particular, again emphasizes the dominant fact common to most of the errors assigned, namely, that they may not be considered because they do not appear in proper form in the bill of exceptions.

We would direct counsel's attention to the decision of this Court in **Simes v The Dayton Xenia Railway Co., 24 Abs. 595,** which is a complete exposition of the principle presented on this record, namely, the manner, method and necessity of incorporating affidavits into the bill of exceptions if they are to be considered on review.

The application for rehearing will be denied unless it can be affirmatively shown that the affidavit which is appended to the application for rehearing is made a part of the bill of exceptions.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.