## Harten-Brooks Co. v. Gayer.

*Negligence—Agent driving automobile not acting within scope of employment—Verdict and judgment for plaintiff against weight of evidence—Charge to jury not prejudicial—Subject matter of defendant's liability presented in other instructions.*

1. In action for personal injury and damage to automobile in collision, finding that defendant's agent driving car was acting within scope of his employment at time of collision was against weight of evidence.
2. In action for damages growing out of automobile collision, charge relating to liability of defendant for acts of agent, omitting words "acting within scope of employment or on business of defendant," was not prejudicial error, where court charged to that effect in other parts of the charge.

(Decided June 14, 1926.)

Error: Court of Appeals for Erie county.

*Messrs. King, Ramsey, Flynn & Pyle,* for plaintiff in error.

*Messrs. Young & Young,* for defendant in error.

Richards, P. J. The action is one to recover damages for personal injury to Gayer and damage to his automobile in a collision between the car operated by him and a car operated by one Harry W. Mason. The collision occurred in the afternoon of October 22, 1924, in the city of Sandusky, at the intersection of Franklin and Madison streets and Huron avenue. The trial resulted in a verdict and judgment in favor of Gayer for $2,300, for personal injuries, and $100 for damage to his automobile.

It is insisted that the judgment should be reversed, because there is no evidence showing that Mason was at the time an employe of the Harten-Brooks Company, and engaged upon his employer's business, and acting within scope of his employment, or, at any rate, that, if there is evidence tending to show the same, there is not sufficient evidence that he was acting within the scope of his employment to sustain the judgment. It is further insisted that the court erred in charging the jury, and that the judgment is against the weight of the evidence.

It appears from the bill of exceptions that prior to June, 1924, the Stroh-Harten Company, a partnership, was engaged in the automobile business in the city of Sandusky, and that Harry W. Mason was one of their salesmen, employed on a commission basis, and not required to put in his entire time in their employment. Early in June, 1924, Stroh sold out his interest in the firm to Halsey J. Brooks, and the business was continued under the name of the Harten-Brooks Company, and Mason continued in their employment under the same terms that he had been employed by the former company. Thereafter Mason arranged to quit the employment of the Harten-Brooks Company and to engage his services to the Erie Food Products Company, and he claims that the last sale he had made for the Harten-Brooks Company was about the 1st of October, 1924, but the car which he was driving on the day of the collision was apparently kept part of the time in the garage operated by the Harten-Brooks Company, and there is controversy in the evidence as to whether he was still in their employment.

In the afternoon of October 22, 1924, he started to drive with two lady friends from Sandusky to Bellevue, claiming that he was going to take them to call at the cemetery in Bellevue, and that then they were going to visit relatives of his passengers and his own relatives; and he testifies that he was not engaged at the time in the business of the Harten-Brooks Company, was not looking for any prospects to whom he could sell a car, and did not interview any one on the trip with that end in view.

Immediately after the collision, Gayer states that Mason handed him a card, and stated "Here is my card," and informed him that he could be found at any time at the place indicated on the card. The card gives the name of H. W. Mason and his phone number, and has on it the words "Salesman, Stroh-Harten Motor Company." Another witness who was present almost immediately after the collision states that Mason, when asked if the car was his, said "No; that it belonged to the Harten-Brooks Company, and he was their agent." This testimony was received without objection, and, if we assume that it is proper to show by this testimony that he was an agent for the Harten-Brooks Company, it hardly goes far enough to show that he was engaged at the time upon his employer's business.

While Gayer was not relying in his petition upon defective brakes as a ground of recovery, yet certain evidence tending to show the existence of such defect was received without objection, and there was some evidence tending to show that the car was being kept for part of the time at the garage of the Harten-Brooks Company, and may

have been theirs at the time and used with their knowledge. It had been recently purchased of that company by Mason, but only a small down payment had been made, and no bill of sale for the car had been executed and delivered by the company to him.

It appears from the bill of exceptions that he stated to a witness shortly before the trip to Bellevue was undertaken that he was going to work. The evidence tending to show that Mason was acting within the scope of his employment at the time of the collision is very slight, and upon that subject the verdict and judgment are manifestly against the weight of the evidence, but we cannot say that there was no evidence tending to show the fact. The rules applicable to cases of that kind are laid down in *White Oak Coal Co.* v. *Rivoux, Adm'x.,* 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A., (N. S.), 1091, Ann. Cas., 1914C, 1082; *Elms* v. *Flick,* 100 Ohio St., 186, 126 N. E., 66; and *Bretzfelder* v. *Demaree,* 102 Ohio St., 105, 130 N. E., 505.

The charge of the court is criticized for failure to add, at the end of two paragraphs relating to the liability of the defendant, the words ''acting within the scope of his employment or on the business of the defendant,'' or words of like effect. It would have been well if these paragraphs contained such a limitation, but the omission is not prejudicial error, for the reason that the same paragraphs have language indicating that Mason must have been engaged upon his employer's business at the time, or there would be no liability, and, in addition to this, the trial judge had already charged the jury to that effect.

We find no reversible error in the charge of

the court, but the judgment is reversed and the cause remanded for a new trial because the verdict and judgment are clearly against the weight of the evidence on the question of Mason being engaged in his employer's business and acting within the scope of his employment at the time of the collision.

*Judgment reversed and cause remanded.*

WILLIAMS and YOUNG, JJ., concur.