## DAUM v ARNOTT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1156.   Decided Feb 3, 1933

Marshal & Harlan, Dayton, for plaintiff in error.

Jacobson & Durst, Dayton, for defendant in error.

HORNBECK, J.

The errors assigned are numerous but are captioned in the brief of defendant under five headings which we will follow in considering the errors assigned.

(1) "Error of the court after submission to the jury of Questions 1 to 5 inclusive in explaining to the jury the legal effect of answer to Question No. 5, commenting thereon, and giving instruction and / or suggestion relative thereto."

Special interrogatory No. 5 was as follows:

"Did the driver of the truck carelessly and negligently run the truck against the pipe when he saw that plaintiff would be injured by having the pipe pushed against him?"

The jury answered the question: "We find the driver careless and negligent but not intentionally so."

The occurrences of which defendant complains were substantially these: After the general charge had been given to the jury it had retired and deliberated for considerable time when it returned to the court room for further instructions. The foreman indicated that the jury did not understand interrogatory No. 5 and the court said to the members thereof:

"Well, the interrogatory, as framed, seems to require the jury to find that he both carelessly and negligently did it, and that he did it, when he saw the plaintiff would be injured. In other words, if your answer to this is affirmative, you must find that he proceeded against the pipe, when he saw that it would injure the plaintiff."

"Now, in the minds of the jury, there may be the question as to whether or not he may have proceeded carelessly and negligently, without seeing, without seeing this, but this interrogatory calls for an answer as to whether he did that, when he saw,—and you will have to find, first, that he carelessly and negligently did it, as he was seeing the plaintiff at that time, before you can answer this in the affirmative:

"The interrogatory seems to the Court to present that ambiguity. Does counsel wish to leave that with the jury or does counsel for the defendant wish to withdraw the interrogatory?

MR. MARSHALL: Your Honor, I don't think that is just—I would rather talk to

the Court just a moment.

COURT: Just a moment. The Court will consider the counsel's wishes."

What followed took place out of the hearing of the jury:

The question is: Did the court commit error in treating and discussing the interrogatory upon the inquiry of the jury as we have heretofore quoted? At the outset it should be observed that the phraseology nor effect of the special interrogatory is not the same as the charge of negligence averred in the petition. The petition charges the defendant was negligent in starting his truck and running the same against the pipe * * * although the defendant saw the position of the plaintiff near the north end of the pipe, and saw the plaintiff **could** be injured by having the pipe pushed against him. The language of the special interrogatory is: Did the driver of the truck carelessly and negligently run the truck against the pipe when he saw the plaintiff **would** be injured by having the pipe pushed against him? The charge of the petition is simple negligence, namely, that seeing where the plaintiff was with respect to the pipe and exercising ordinary care, defendant's driver should have known that if he ran into the pipe the plaintiff might be injured, notwithstanding, he drove the truck or permitted it to proceed on to or against the pipe. The implication in an affirmative answer to the latter part of the interrogatory would be that defendant's driver wilfully ran into the pipe, knowing that by so doing he **would** injure plaintiff.

The petition proceeded on simple negligence without any averment of wilfulness. The cause was tried upon this theory, the court's charge was framed and given to the jury upon this hypothesis and obviously it was unnecessary to inject a new issue into the case and ask the jury to determine it. Any answer which the jury might have made to the interrogatory would not have been determinative of any issue in the case. The test of error respecting comment or direction of the trial court respecting the special interrogatory as appears in the second syllabus of **Walsh v Thomas' Sons, 91 Oh St, 211** is: Did the court explain the legal effect of an answer to the interrogatory or seek to harmonize the answer with the general verdict or with other special findings submitted for determination. The language of the trial judge to the jury will stand these tests of the law. All that the judge undertook to do was to analyze the factual meaning of this interrogatory and

gave no expression as to the relation or effect of an answer on the general verdict. He only attempted to explain the meaning and import of the interrogatory within its confines. We are of opinion that the trial judge was not required to submit the interrogatory and thus if he had erred in commenting thereon, it would not be prejudicial to the defendant and further, that, if it were a proper interrogatory, there was no error in the action taken.

Second, "Errors in the court's general charge and on the trial." Objection is made to this language of the court in the general charge at page 217:

"The court does not charge you as to any specific thing which the plaintiff must prove in reference to the backing up of the truck, the giving of a signal, or the giving of warning. The court leaves that entirely to you. The court does not charge you with any particular thing that the defendant did, which, in itself, as a matter of law, would be negligence. The court leaves that to you."

A fair interpretation of this language in conjunction with the whole charge is that the trial judge said to the jury that he would not pick out any particular act of defendant which the petition averred would be negligence as constituting negligence, as a matter of law, but that the jury must say, under the evidence, whether or not such act was negligence. The court should carefully restrict a finding of negligence of a defendant to the specific acts averred in the petition. But the charge did first state the negligence charged as a premise for that which followed.

This further language at page 220 of the general charge is challenged: "You may reject all that a witness says, if you do not wish to believe it; * * *".

This is not an exact statement of the discretionary powers of a jury. Jurors do not have the arbitrary right to believe or disbelieve a witness merely because they do not wish to believe the witness. We say again that which has so many times been stated by reviewing courts, that the charge must be taken in its entirety and prejudicial error must affirmatively appear in the case upon consideration of all that the trial judge said to the jury on the subject. Such examination of the charge is convincing that the jury was not mislead.

The next language to which objection is urged is found at page 216 of the general charge:

"That is the claim of negligence, in law, members of the jury, and to that claim the defendant interposed its statement of defense, admitting the operation and the general conditions referred to, but denying any negligence on the part of his employee, and then the defendant goes further and says that this accident was caused by the sole negligence of the plaintiff himself."

That part of the language just quoted, wherein the court said that the defendant admitted the operation and the general conditions referred to was substantially correct and then the court immediately differentiates the admissions from the denials and impresses that the defendant denies any negligence of his employee and avers the sole negligence of the plaintiff.

Complaint is made that the court erred in refusing to direct a verdict for the defendant on the ground that the evidence showed that the defendant and the plaintiff were both employees of the Republic Asphalt Company "which, under the Workmen's Compensation Law, the Republic Asphalt Company having complied with the Workmen's Compensation Act, would debar from recovery" and if the court were right in refusing to sustain the motion, that it erred in taking from the jury the question whether or not defendant was an independent contractor or employee.

There was an issue on the pleadings if defendant was an independent contractor. If so, whether or not Earl Neff, the driver of the truck was an employee of defendant acting within the scope of his employment at the time plaintiff suffered injury.

But the claim that workmen's compensation carried by the Republic Asphalt Paving Co. would relieve defendant was too remote because it would not be necessary to go so far afield to absolve defendant. Unless it appeared that Earl Neff was in the employ of defendant, plaintiff could not recover. That he was so employed and that defendant was an independent contractor of The Republic Asphalt Paving Co. does not seem to be controverted on the facts in the record.

The court in the general charge referred to certain evidence in the record disclosing the existence of an insurance company "and that such company had insurance upon the trucks of the defendant and further, that in the event that they found for the plaintiff in reaching the amount of damage to be awarded, they should not be governed in the least degree by the fact that an insurance company was or was not in the case." This is assigned as error.

What the court said to the jury was proper. He could properly have said more to the effect that the jury should not permit the knowledge that there was an insurance company carrying insurance upon the defendant to influence its finding of liability in any manner whatever. He had in substance so informed the jury when the evidence was taken. But in any event, the failure if it may be so characterized, was nothing more than an error of omission, not of commission, and the record does not disclose that counsel requested the court to say anything further to the jury on the matter.

The final objection relates to the damages which it is claimed are excessive, appearing to have been awarded under the influence of passion or prejudice.

The verdict was for $6500.00, upon which the court required a remittitur of $1000.00, which was accepted and judgment rendered in the sum of $5500.00. The injuries complained of were that the pipe violently struck the lower part of plaintiff's right foot, causing him to suffer a complete fracture of the lower end of the right tibia and a fracture of the right fibula near the lower end and also caused some ligaments of the foot to be strained or torn. The plaintiff testified that his foot was broken completely off, that the bone protruded through the flesh, he was confined eight days in the hospital, suffered excruciating pain continuously, and did not sleep at nights, was confined to his room for six weeks, only removed therefrom to be transported by automobile to the office of his physician; that he was on crutches for several months; that there was marked limitation of motion in the ankle and that he was hindered in doing the work which he had formerly done. The doctors who testified differed somewhat as to the permanency of the injury, the extent to which motion in the ankle would be limited, and as to how long the pain would persist.

The value of the pain and suffering of plaintiff past and prospective, his probable loss in the nature of future earnings, were questions peculiarly for the jury. We cannot say that the verdict was at such a figure as to indicate passion and prejudice of the jury.

Some objection is made to the conduct of counsel for plaintiff in his final argument to the jury, but nothing appears which in its nature, in view of the fact that the court promptly and properly ruled on all

200

objections, would require us to say that the record discloses prejudice to the defendant by the remarks.

A full, fair, and careful consideration of this record is convincing that no error intervened to the prejudice of defendant, which would require us to reverse this judgment. It will, therefore, be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 15, 1933

### BY THE COURT

We have carefully examined the grounds for the rehearing and find that they are but a repetition of the specific questions ably presented and urged by counsel for plaintiff in error, considered and passed upon by the court in our former decision. We attempted to discuss all of them at some length and are of opinion that we were correct in our former holding. This case, as all others presenting similar questions, required rulings and determinations of law which were close, but, taking the record in its entirety, we find no error resulted to the prejudice to the plaintiff in error requiring a reversal of the judgment.

The application for rehearing will, therefore, be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.