**STATE, Plaintiff-Appellee, v GRAMBO, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3962.   Decided September 29th, 1947.

Ralph J. Bartlett, Prosecuting Attorney, Vincent T. Martin and Edmund B. Paxton, Asst. Prosecuting Attys., Columbus, for plaintiff-appellee.

Howard Gillard, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the Common Pleas Court of Franklin County, in which the defendant was indicted, tried and convicted on the charge of manslaughter.

The defendant has assigned as error the refusal of the trial court to permit counsel for the defendant on voir dire examination to ask the prospective jurors the following questions:

"Would the fact that the defendant, if it be a fact, had served time in a penal institution, keep you from sitting as jurors here and giving a fair and impartial verdict based upon the facts as are developed from the witness chair and the law as given you by the Court?"

The State's objection to the question was sustained. No other record was made of the voir dire examination. Consequently there is nothing presented by the record to show that any juror answered any question indicating bias or prejudice toward the defendant. There is nothing in the record to show that the defendant exercised any challenge, whether peremptory or for cause.

In view of the state of the record we must assume the jurors were properly qualified and that the defendant was satisfied with the jury. If the question which was sought to be propounded was proper we are of opinion that the ruling was not prejudicial to the substantial rights of the defendant.

Defendant claims the Court erred in its general charge relative to the consideration of the evidence which showed the defendant fled when the officers came to his residence for the purpose of making an arrest. The Court charged:

"Members of the Jury: Two matters have been called to the Court's attention. One, with reference to a matter commented on by Mr. Martin in his argument with reference to the testimony of the defendant's flight. I charge you, Members of the Jury, that you may consider that as evidence of his guilt and give to it, or attach to it, the significance that you think that it may be entitled to."

We are of the opinion that this charge was proper. Flight from the place of crime may be considered as evidence of guilt. **State v Doty, 94 Oh St 258, 266; Allison v State, 12 Oh Ap 217, 221;** Williams v State, 11 C. C. (N. S.) 4, 12; Grillo v. State, 9 C. C. 394, 398; Blythe v State, 4 C. C. 435, 440; **Vol. 12, O. Jur., p. 320.**

In connection with the charge on the elements of manslaughter the Court charged the jury that "to strike another is in violation of law." The defendant contends that this statement was too broad as a proposition of law. If this statement were considered alone, it would be too broad, but the test as to whether this charge was erroneous and prejudicial must be determined by the charge as a whole and especially in connection with other portions of the charge bearing upon the same matter. Inadequate and incomplete propositions may be cured by instructions which precede or follow the statement complained of. **Behm v Traction Co., 86 Oh St 209; Oil Cloth Co. v Rees, 85 Oh St 438; Daum v Arnott, 14 Abs 196.**

After a consideration of the charge as a whole and especially the charge relative to the elements of manslaughter and the definition given to "an unlawful act," we are of the opinion that this statement was not prejudicial and that the charge given was proper.

After the jury was charged the Court asked counsel for suggestions with reference to the charge. Counsel for the State called the Court's attention to two matters on which the jury should be charged. The Court immediately charged the jury on these two matters. The Court then inquired of counsel for defendant whether he had any suggestions with reference to the charge. At this point the record shows that counsel for the defendant conferred with the Court out of the hearing of the jury. The jury was then instructed to retire for deliberations. After the jury retired the record shows a statement of counsel for the defendant as follows:

"I had requested the Court to charge upon proximate cause.

"THE COURT: Overruled.

"MR. GILLARD: Note an exception."

In the general charge the Court fully instructed the jury that the State was required to prove beyond a reasonable doubt all the element of manslaughter, defining them, and that the person alleged to have been slain was, in fact, slain as claimed in the indictment by reason of the commission of an unlawful act by the defendant. Perhaps the Court did not elaborate on this phase of the case to the entire satisfaction of counsel, but in our opinion the general charge was correct and not misleading to the jury. In the trial of the case no question was raised that the deceased met his death in any other manner than was alleged in the indictment. It was incumbent on the State to prove beyond a reasonable doubt that the person alleged to have been slain was in fact slain by the defendant as alleged, and the Court fully instructed the jury to that effect.

In the case of **State v Schaeffer, 96 Oh St 215,** wherein the defendant was charged with manslaughter the Court did not use the term "proximate cause" in the charge and error was assigned because of such omission. On page 242 the Court in its opinion say:

"The trial court here, in effect, charged the correct legal proposition as to proximate cause, without, however, putting on the label.

"But it is not always necessary to use the term 'proximate' or 'proximate cause' in order to correctly charge thereon."

Likewise we might well draw the same conclusion from the record in the instant case as the Court did in the Schaeffer case. On page 243 the Court concluded:

"Upon a careful examination of the entire record of this case, and all the evidence before the Court and jury, we are convinced to a moral certainty that the defendant was rightly convicted by the jury, and that any technical error of the Court, or any error in the charge with reference to proximate cause, was, in this case, in no wise prejudicial. Substantial justice has been done."

Furthermore, the record does not disclose what charge counsel for the defendant requested the Court to give.

In **Vol. 39, O. Jur., p. 1010,** it is stated:

"* * * it is not essential that a request after argument for a charge upon a particular issue should be in writing. But in order to impose any obligation on the trial court to give additional instructions to the jury, counsel must not only call the Court's attention to such omissions as he claimed, but must indicate clearly what he claims the law to be and what charge he desires the Court to give."

In **Cincinnati Traction Co. v Lied, 9 Oh Ap 156,** the Court on page **160** say:

"It was clearly the duty of counsel not only to call the Court's attention to such omission as he claimed, but, if he desired to found error upon it, to indicate clearly what he claimed the law to be and what charge he desired the Court to give. It does not seem to be essential that this request should be in writing, but there must be some specific rule of law formulated in that request in order to predicate error upon its refusal. The **Columbus Railway Co. v Ritter,** 67 Oh St 53, and **Whitaker, Admr., v The Michigan Mutual Life Insurance Co.,** 77 Oh St 518, 522.

"In the opinion of this court it was not prejudicial error in the trial judge to fail to add anything further to what had been said by him in the general charge on the suggestion made by the counsel for defendant below."

. In **Haley v Dempsey, Exr., 14 Oh Ap 326,** at the conclusion of the general charge counsel requested the Court to charge on the matter of confidential relations. The record does not show that counsel presented to the Court any definite proposition of law. The Court on page 331 say:

"From the foregoing it will appear that counsel did not formulate any specific rule of law and request that such a charge be given. No court to whom such a remark was addressed could reasonably be expected to know what counsel claimed the law to be. If counsel desired to predicate error upon this omission of the court they should have indicated clearly what they claimed the law to be, and what charge they desired the court to give."

A motion to certify was overruled by the Supreme Court. **19 O. L. R. 155.**

The State contends that under a plea of self defense the question of proximate cause of death was eliminated from the case, a plea of self defense being in the nature of a confession and avoidance. More specifically, the State contends that the defendant in interposing a plea of self defense admitted killing the deceased, but pleaded justification of the act. The claim is made that since the defendant admitted the killing by interposing a plea of self defense it was not incumbent on the State to prove that the blow struck by the defendant was the proximate cause of his death. The trial court on the record before us did not take that view of the case and charged the jury that the State carried the burden to prove every essential element of manslaughter as charged in the indictment. Because of the state of the record and the charge of the court it is unnecessary for this court to pass on that question.

In the case at bar the record being silent relative to the specific proposition of law on which counsel for the defendant requested the court to charge the jury, there is no question presented for review.

The defendant assigns as error the overruling of the motion for new trial which was supported by two affidavits. It is well established in Ohio that affidavits filed in support of a motion for a new trial cannot be considered by the reviewing court on error assigned to the decision on the motion unless such affidavits are properly brought upon the record by the bill of exceptions. In the case at bar such affidavits were attached to the motion for new trial and filed with the clerk; this is held to be insufficient as such affidavits are in the nature of evidence. **Long v Carriero, 105 Oh St 123, 125;**

Goldsmith v State, 30 Oh St 208; Willett, Admr., v N. Y. C. Rd. Co., 73 Oh Ap 59; Simes v Dayton-Xenia Ry. Co., 24 Abs 595.

After a consideration of the entire record and the charge of the Court, we are of the opinion that the defendant had a fair trial and that the record does not disclose any error affecting the substantial rights of the defendant.

Judgment affirmed.

MILLER and HORNBECK, JJ, concur.