**The STATE of Ohio, Appellee,**

**v.**

**ERVIN, Appellant.**

[Cite as *State v. Ervin* (1991), 75 Ohio App.3d 275.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58835.

Decided July 29, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Stephen Burns,* Assistant Prosecuting Attorney, for appellee.

*Gordon S. Friedman,* for appellant.

FRANCIS E. SWEENEY, Presiding Judge.

Defendant-appellant, William Ervin, was indicted for two counts of felonious assault with violence and gun specifications (R.C. 2903.11) and one count of drug possession (R.C. 2925.11). After a jury trial, appellant was found guilty of aggravated assault, along with the violence and gun specifications (R.C. 2923.12). Appellant timely appeals his conviction. For the reasons set forth below, we affirm.

Sally Hall, who is the mother of Sherrell Ervin, a victim in this case, testified that she traveled by car from Alabama to Cleveland with appellant

and his son, Angelo, on February 24 and 25, 1989. This ride had been arranged by Sherrell. Hall testified that during the trip, she and appellant drank whiskey and that appellant made frequent stops where appellant would reach under the front seat and pull something out. Appellant would then leave for the restroom and come back cleaning his nose. Appellant also told Hall to look into the glove compartment, where appellant kept a gun.

Sherrell Ervin testified she had been married to appellant for eight years. They have been divorced for about two and one-half years. They had two children together, William, Jr. and Timothy. Sherrell has another child, Tomika, from a prior relationship. Additionally, appellant had a son, Angelo, outside the marriage. Their marriage was anything but a happy one. Jealousy prevailed, while physical confrontations between the two were not uncommon. On one occasion, Sherrell testified, she had to use a weapon to protect herself. Sherrell further testified that the marital problems were appellant's fault and that he was the aggressor.

On February 25, 1989, appellant's birthday, appellant and Sherrell's mother arrived in Cleveland, where appellant was to visit his children, with whom he has maintained a good relationship. When appellant arrived at Sherrell's home, he did not immediately go upstairs. However, ten minutes later, he did, with suitcase in hand, to request that Sherrell keep Angelo while appellant went to Detroit to visit his brother. She agreed.

While appellant waited upstairs, Sherrell's boyfriend called and, soon after, an argument erupted. Sherrell testified that appellant "went off." As things grew louder, Sherrell's brother, Jeffrey Hall, came upstairs. Sherrell, Jeffrey, appellant, and the four children were all in Sherrell's bedroom when appellant noticed the boyfriend's car outside. Appellant then pulled a gun and turned toward Jeffrey. As he turned, Sherrell hit appellant with a massager. A brief scuffle ensued, and Sherrell told Jeffrey to go get their uncle. As Jeffrey jumped over the bed, appellant shot at him. Sherrell does not remember exactly what happened next, but testified she was shot in the foot and stomach. Somehow, she escaped the premises and was taken to the hospital.

Sherrell testified as to her gunshot wounds and the damage to her liver, spleen and kidney. Finally, while Sherrell was at the hospital, appellant threatened her over the phone. On cross-examination, Sherrell testified to having tried cocaine for "the first time" the day she was shot.

Tomika Cowan, Sherrell's daughter, testified to having seen appellant shoot at her uncle. She further testified that she stood by her mother when appellant started shooting. When appellant began shooting, his son, William, Jr., ten years old at the time of trial, wrestled with his father over the gun,

apparently knocking it out of his hand. Appellant pushed William out of the way, picked up the gun and shot again, this time at Sherrell. Meanwhile, Tomika saw her mother push a chair over herself, then get up and run out of the room.

Finally, Tomika testified as to previous physical fights between her mother and appellant. She stated that both would throw objects at each other, but that appellant always started the arguments. Tomika was in the seventh grade at the time of trial.

Patrolman Timothy Kilbane testified that he, along with several other police officers, responded to 2183 East 85th Street at approximately 10:30 p.m., February 25, 1989. He testified that a large number of people had gathered outside, screaming and yelling that someone had been shot. Kilbane and three other officers entered the home and proceeded up the stairs. Once at the top of the stairs, Kilbane saw appellant holding his son, William, Jr., in one arm and a gun in the other. The boy's body was approximately one to one and one-half feet off the ground. Kilbane ordered appellant to drop the gun and, after a second order, appellant did. Appellant was then placed under arrest.

A search of appellant at the Fifth District revealed a small packet of suspected cocaine, later identified as such. Appellant, however, claimed that the packet, found in a coat which he wore, was really Sherrell's, as was the coat.

Appellant testified in his own behalf. He stated that the prior physical confrontations were mutual in nature and that his former wife had pulled weapons on him in the past and not because he abused her.

Appellant stated he was traveling to Cleveland to pick up his two sons, William, Jr. and Timothy, to take them to Detroit to celebrate his birthday. He admitted to taking some drinks on the road and staying overnight in Cincinnati.

Appellant testified that while he was at his former wife's, she argued on the phone with her boyfriend while he played with the kids. Appellant stated that she began yelling at him to leave, then began pushing him. He pushed back. Eventually, Jeffrey Hall came up the stairs, while Sherrell continued striking him.

Appellant then drew his gun from his coat and it discharged accidentally when Sherrell struck him with the massager. Sherrell then went for her purse, where appellant believed she kept a gun. Appellant fired at the floor and told her not to go for her gun. Appellant's son then grabbed him, and the gun went off again.

Appellant testified that he had altercations with Sherrell's brothers in the past and that Sherrell had pulled a gun on him before. Appellant further stated that he went for his gun because Jeff was charging him.

Finally, appellant stated that when the police arrived, he was on one knee, with William, Jr. standing in front of him, their arms around each other. Appellant further denied threatening Sherrell.

Based on the above evidence, the jury found appellant guilty of aggravated assault (R.C. 2923.12). Appellant timely appeals, raising three assignments of error for our review.

Appellant's first assignment of error:

"The trial court erred to the prejudice of appellant by failing to give a proper instruction on self-defense and by failing to answer the jury's question regarding self-defense and aggravated assault."

Appellant apparently contends the trial court erred in its instructions to the jury and answer to the jury's question concerning how self-defense "fits" into aggravated assault so as to confuse the jury into believing self-defense is not a defense to aggravated assault. This argument is without merit.

In *State v. Perryman* (1976), 49 Ohio St.2d 14, 29, 3 O.O.3d 8, 17, 358 N.E.2d 1040, 1050, the Ohio Supreme Court said:

"It is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. As a rule of law, this court has established that 'correct and pertinent' requests to charge must be given to the jury, either as specifically proposed, or within the substance of the general charge. *State v. Barron* (1960), 170 Ohio St. 267, [10 O.O.2d 299,] 164 N.E.2d 409."

Where there is sufficient evidence on the issues of self-defense and aggravated assault, the trial court must charge the jury on both issues. *State v. Keeler* (June 2, 1983), Cuyahoga App. No. 45603, unreported, at 6, 1983 WL 3072; *State v. Weems* (Mar. 18, 1982), Cuyahoga App. No. 43813, unreported, 1982 WL 5239.

In the present case, the record reflects that the trial court did properly instruct the jury concerning the indicted offense of felonious assault, the lesser offense of aggravated assault, and the defense of self-defense. The court then, in three succinct paragraphs, discussed each offense and self-defense in a fashion which clearly reflected the applicability of self-defense to each of the charged offenses.

Nonetheless, the jury, in a certified question to the court, asked, "[w]here does self-defense fit into aggravated assault?" The court responded

by essentially restating its original charge on self-defense, including the concluding three paragraphs noted above and partially shown in the following passage:

"And further, if you feel the State has failed to prove beyond a reasonable doubt any elements of the crime of aggravated assault, the lesser included offense, or if the defendant proved by a preponderance of the evidence the defense of self-defense, then you must find this defendant not guilty.

"Now, are there any other questions that have not been answered, Mr. Bush?

"THE FOREMAN: I don't believe at this time."

Therefore, we conclude the trial court did not abuse its discretion in its charge to the jury and in answering the jury's certified question. The record demonstrates the jury was made aware that the defense of self-defense was applicable to aggravated assault. The jury merely chose to find the state's witnesses more credible than appellant in finding him guilty of aggravated assault.

Appellant's first assignment of error is overruled.

■ Appellant's second and third assignments of error challenge the sufficiency of evidence. They are:

"The trial court erred to the prejudice of appellant by denying appellant's motion for acquittal pursuant to Ohio Rules of Criminal Procedure Rule 29."

"The jury's verdict was against the manifest weight of the evidence and should therefore be vacated."

Appellant contends the evidence presented by the state was insufficient to sustain a conviction of aggravated assault. Additionally, appellant contends the verdict was against the manifest weight of the evidence. These arguments are without merit.

Pursuant to Crim.R. 29(A), the trial court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

Furthermore, a verdict is not against the manifest weight of the evidence if there is evidence which, if believed, will convince the average person of the accused's guilt beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus. The credibility of testimony and the weight of the evidence are primarily matters for the trier of fact. Where

the record shows that a conviction was based upon sufficient evidence, an appellate court may not reverse the verdict of the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

The aggravated assault statute (R.C. 2903.12) provides in pertinent part that no person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause serious physical harm to another.

In the present case, both the victim, Sherrell Ervin, and her daughter, Tomika Cowan, testified on behalf of the state. Each witness testified that appellant started an argument with Sherrell and that when Jeffrey Hall came upstairs, appellant shot at him. Sherrell testified that she attempted to knock the gun out of appellant's hand. She was not able to recall what happened next, but testified that she was shot in the foot and stomach. Tomika testified that she saw appellant shoot her mother. Finally, Tomika corroborated Sherrell's testimony that appellant always started their previous physical confrontations. Last, appellant testified as to his version of the facts in the present case.

Therefore, we conclude the trial court was presented with sufficient evidence to overrule appellant's motion for acquittal and the jury was presented sufficient evidence to find appellant guilty of aggravated assault. The jury was free to find the state's witnesses more credible than appellant.

Appellant's second and third assignments of error are overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, J., concurs.

HARPER, J., dissents.

HARPER, Judge, dissenting.

I respectfully dissent from the majority's resolution of appellant's first assignment of error. Specifically, I disagree with the position that the trial court's instructions to the jury made the jury aware that the defense of self-defense was applicable to aggravated assault.

The purpose behind instructions to a jury is to point to the issues in a case, and to demonstrate how the jury should apply evidence in various aspects developed at trial. The trial court is to instruct the jury by *clearly* and

*concisely* stating the principles of law necessary to allow a fair verdict and the administration of justice. *Pickering v. Cirell* (1955), 163 Ohio St. 1, 56 O.O. 1, 125 N.E.2d 185; *Cleveland Elec. Illum. Co. v. Astorhurst* (1985), 18 Ohio St.3d 268, 18 OBR 322, 480 N.E.2d 794. Instructions are of the utmost importance as they are the last words heard by a jury prior to the determination of a defendant's guilt or innocence.

A reviewing court must consider the whole charge as given rather than separate portions of a charge. *State v. Grambo* (1947), 82 Ohio App. 473, 38 O.O. 104, 75 N.E.2d 826. A judgment will not be reversed if a portion of the general charge is improper and misleading unless the entire charge resulted in prejudicial error. *State v. Porter* (1968), 14 Ohio St.2d 10, 43 O.O.2d 5, 235 N.E.2d 520, paragraph two of the syllabus.

The trial court misleads a jury by giving contradictory instructions as to the law on a material point at issue. See *Emery v. Std. Oil Co.* (1963), 91 Ohio Law Abs. 193, 188 N.E.2d 175. As a general rule, any error made in the charge may be neutralized by a correct statement of the law as long as the charge as a whole is fair and proper. See *Harten–Brooks Co. v. Gayer* (1926), 23 Ohio App. 458, 155 N.E. 252. The curing instructions may either precede or follow the inadequate or incomplete instructions. *State v. Porter, supra.*

Appellant points to the following statement made by the trial court in its instructions to the jury.

"The Court would further indicate that if you find that the State has proved beyond a reasonable doubt all of the elements of the essential crime of aggravated assault, *then your verdict must be guilty and you wouldn't consider anything further."* (Emphasis added.)

The jury was informed that it need not go *any further* if it found the defendant guilty of aggravated assault. This instruction was given prior to any mention of self-defense. Appellant argues that the instruction precluded the jury from even considering self-defense after finding him guilty of aggravated assault. The majority does not even comment on this portion of appellant's assignment of error.

The affirmative defense of self-defense is, if proven, justification for otherwise unlawful conduct. *State v. Davis* (1982), 8 Ohio App.3d 205, 209, 8 OBR 276, 279–280, 456 N.E.2d 1256, 1261. Any evidence set forth by a defendant as to this defense is irrelevant until the state proves the statutory elements of a crime. A defendant, by claiming self-defense, admits the existence of facts

which tend to establish the elements of the crime. *State v. Davis, supra.* The jury must, therefore, go further than finding the defendant guilty of the alleged crime by considering self-defense.

The trial court in the within action erred in halting the deliberating process of the jury at the point it found the defendant guilty of aggravated assault. Even though the trial court at a later time told the jury that it had to find the defendant not guilty if he proved self-defense by a preponderance of the evidence, this was not a cure. The trial court simply set out contradictory and not merely misleading or ambiguous instructions as to the law and never cured the contradiction. See *Emery v. Std. Oil Co., supra.* Whether or not the jury followed the first instruction or the instruction on self-defense is clearly unknown.

The jury's certified question as to how self-defense fit into aggravated assault certainly demonstrates that the jury was confused on the relationship between the crime and the defense. The trial court proceeded to once again separately instruct the jury on the crime and the defense. However, the mere reiteration of the instructions did not explain the "relationship" to the jury. Contrary to the majority's opinion, the "jury was [not] made aware that the defense of self-defense was applicable to aggravated assault."

I am not convinced that the jury was aware that it should consider self-defense even after finding the state proved all the elements of aggravated assault beyond a reasonable doubt.

The trial court, therefore, failed to clearly and concisely instruct the jury as to how it should deliberate on the issue of self-defense. As such, the entire charge was prejudicial and reversible error.

Accordingly, I would have sustained appellant's first assignment of error and reversed and remanded this action.