OPINION
{¶ 1} Appellant, Dwayne Smith, appeals his conviction in Butler County Common Pleas Court for aggravated assault. For the reasons that follow, we reverse the trial court's judgment, vacate appellant's conviction, and remand the case for a new trial.
 {¶ 2} On the evening of April 8, 2000, appellant was involved in a physical altercation with Greg Bates, the boyfriend of his sister. There was a disagreement between appellant and Bates as to whether Bates owed appellant money for his help on a roofing job. Bates arrived at appellant's residence in Hamilton, Ohio to discuss the situation. A fight ensued during which appellant struck Bates with a baseball bat, breaking his arm. Bates then left appellant's home to seek medical treatment. Bates later reported the incident to police after appellant allegedly placed a gun to Bates' head when Bates returned to appellant's residence to retrieve his car keys.
 {¶ 3} In January 2001, appellant was indicted on two counts of felonious assault. The first count alleged that appellant knowingly caused serious physical harm to Bates in violation of R.C. 2903.11(A)(1). The second count alleged that appellant knowingly caused or attempted to cause physical harm to Bates by means of a deadly weapon, "to wit: a gun," in violation of R.C. 2903.11(A)(2).
 {¶ 4} A jury trial was held in November 2001. At trial, appellant argued that he acted in self-defense. After the state and appellant presented their cases, the jury was charged on felonious assault, in addition to the inferior degree offense of aggravated assault and the lesser included offense of assault. The trial judge also instructed the jury on self-defense as to the felonious assault charges. The trial judge did not address the applicability of self-defense to the aggravated assault and assault offenses.
 {¶ 5} Prior to rendering its verdict, the jury sent a written question to the trial judge that read as follows: "Is Self Defense a Defense for aggrevated [sic] or assualt [sic] charges[?]" In response to the question, the trial judge replied, "No."
 {¶ 6} The jury returned a verdict of not guilty as to the second count of felonious assault involving the gun. As to the first count of felonious assault, the jury found appellant guilty of the inferior degree offense of aggravated assault. Appellant was subsequently sentenced to five years of community control.
 {¶ 7} Appellant now appeals his aggravated assault conviction, raising two assignments of error.
Assignment of Error No. 1
"The trial court erred when it told the jury, in response to their written question, that self-defense is not a defense to assault, which was a lessor [sic] included offense."
Assignment of Error No. 2
"The trial court erred when it told the jury, in response to their written question, that self-defense is not a defense to aggravated assault, which was a lessor [sic] included offense."
 {¶ 8} Because appellant's two assignments of error are closely related, we address them together. In both assignments of error, appellant argues that the trial judge provided an erroneous answer to the jury's question. Due to the trial judge's allegedly erroneous answer, appellant argues that the jury was mistakenly led to believe it could not apply self-defense to the offenses of aggravated assault and assault.
 {¶ 9} The record does not reflect that appellant objected at trial either to the jury instructions or the answer provided by the trial judge to the jury's question. Therefore, we review appellant's assignments of error under a plain error analysis. Crim.R. 52(B); State v. Hanna,95 Ohio St.3d 285, 299, 2002-Ohio-2221. We only find plain error where the outcome of the trial would have been different had the error not occurred. State v. Jenks (1991), 61 Ohio St.3d 259, 282.
 {¶ 10} "It is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict." State v. Perryman (1976), 49 Ohio St.2d 14, 29; R.C. 2945.11. Accordingly, a criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence. State v. Williford (1990), 49 Ohio St.3d 247, 251. Where there is sufficient evidence presented on the issue of self-defense, the trial court must instruct the jury on that issue. State v. Ervin (1991),75 Ohio App.3d 275, 279. Self-defense is an available defense to aggravated assault and assault. See id.
 {¶ 11} In this case, the trial judge charged the jury on the offenses of felonious assault, aggravated assault, and assault. The trial judge also instructed the jury on self-defense in relation to the felonious assault charge, but mentioned nothing of self-defense's applicability to the offenses of aggravated assault and assault. In response to the jury's question, the trial judge informed the jury that self-defense did not apply to aggravated assault and assault. The jury subsequently convicted appellant of aggravated assault.
 {¶ 12} We find plain error in the trial judge's answer to the jury's question. The trial judge found sufficient evidence to instruct the jury on self-defense in relation to the felonious assault charge. The state does not argue that there was insufficient evidence for this self-defense instruction. It follows logically that the jury should have been able to apply self-defense to the inferior degree offense of aggravated assault and the lesser included offense of assault, when those offenses were based on the same facts as the felonious assault charge. In answering the jury's question in the negative, the trial court erred because it failed to meet its obligation of providing "all matters of law necessary" for the jury to render its verdict. Perryman,49 Ohio St.2d at 29; R.C. 2945.11.
 {¶ 13} In finding plain error, we find that the result of the trial would have been different had the trial judge informed the jury that it could apply self-defense to the aggravated assault and assault charges. Appellant admitted at trial that he swung at Bates with a baseball bat. His case as to the first count clearly hinged on his claim of self-defense. The jury apparently believed appellant's self-defense claim when it failed to find him guilty of felonious assault, a crime to which the trial court said self-defense applied. The jury instead convicted appellant of aggravated assault, a crime to which the trial judge erroneously said self-defense did not apply. We find it clear that the outcome of the trial would have been different had the trial judge answered the jury's question in the affirmative.
 {¶ 14} Based on the foregoing, we sustain appellant's assignments of error, vacate his aggravated assault conviction, and remand the matter for retrial on the aggravated assault charge.
Judgment reversed and remanded.
YOUNG and VALEN, JJ., concur.